GEORGE HOLGATE *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

AUGUST 4, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a petition for certiorari to review the action of the zoning board of the city of Pawtucket, hereinafter called the board, in denying petitioner's application for an exception or variance under the zoning ordinance of that city. The writ issued and the board has made return of all records relating to the proceedings, among which are various plans and a stenographic report of the testimony given at a public hearing before the board.

It appears from those records and exhibits that the petitioner owns certain vacant land, identified as lots 124 and 125 on assessors' plat 45, situated at the southwest corner of Weeden and Coleman streets in a district zoned for dwelling houses. Together they have a frontage of approximately one hundred feet on each of said streets. To the south and east on the southerly side of Weeden street the lots are surrounded by other vacant land. In his application for permission to erect a gasoline filling station on his lots the petitioner stated that they could only be used for business purposes and that such use would be in harmony with the general character of the neighborhood.

At the hearing before the board the application was supported by a petition signed by sixteen persons who described themselves as owners of adjoining property. Petitioner and a person in the real estate business in Pawtucket testified, in substance, that if the application to use the land for a business purpose were denied, such denial would in effect completely deprive the applicant of all beneficial use of his land.

Testimony in favor of the application showed that petitioner's lots were only fit for a business use; that there were buildings in that immediate neighborhood from fifty to one hundred years old; that at least two dwellings on the northerly side of Weeden street and across from applicant's land were in a "dilapidated condition," one of which was "almost falling down"; and that if new dwellings were built on the land in question they would depreciate in value im-

mediately after construction. The testimony also showed that applicant's property was near a highly industrial district and close to such large manufacturing plants as Manville Jenckes and Coats mills; and, further, that a main line of the New York, New Haven and Hartford Railroad was located within a few hundred feet from the land under consideration. The expert's opinion was that a gasoline filling station would not depreciate but rather enhance the value of surrounding property; that it would not increase traffic hazard; and that it was in harmony with the present general character of the neighborhood.

The only person objecting to the grant of the application stated that he represented his mother and some other owners of property on Weeden street, who were "a little reluctant to talk * * *." The substance of his objections, which were expressed in general terms, was that "The people up there are old residents"; that they did not want any increase in traffic, noise or insurance rates; and that there were "some very respectable homes" in that locality, the owners of which "don't want to be *bothered* by any additional dangers that may be brought on * * *." (italics ours) He also gave other personal and sentimental reasons for opposing the application, but he refused to answer any questions of the applicant that requested him to particularize how a gasoline filling station would be detrimental to neighboring property or against the public interests.

This case is governed by sec. 5 A of the zoning ordinance. That section provides that no building or structure shall be erected or altered in a residence C district, which is intended or designed to be used in whole or in part "for other than one or more of the following specified uses: * * * (4) A gasoline filling station or a stable, if approved by the Board of Review." Discussing a similar provision under sec. 4 A (4) of the same ordinance in connection with an application for a gasoline filling station in a residence B district this court, in *Sundlun* v. *Zoning Board of Review*, 50 R. I. 108, at page 114, said that as the ordinance permits

a gasoline filling station within a designated district, if approved by the board, such fact demonstrates that the exclusion of such a station in that district was not essential to the general zoning plan, and that it was the intent of the ordinance that, on application being made, the board should make an exception in favor of such a station whenever its existence would be reasonably consistent with a due observance of the general welfare in the proper sense.

The reasons given by this court in reversing a decision of the board adverse to the applicant in the *Sundlun* case apply with equal force to the board's decision in the instant case. Here the uncontradicted and unimpeached testimony in favor of the application clearly establishes that the lots under consideration are in a locality which has gradually yielded its desirability for residential purposes to the ravages of time and to the gradual incursion of industrial activities. As we have already stated the application was opposed merely on sentimental and personal grounds. A close reading of the testimony affirms rather than disproves applicant's contention that unless the board approved the use of his lots for a business purpose, which in this case was the erection and operation of a gasoline filling station, he would be deprived of all beneficial use of his land.

It is fundamental that an owner's right to use his property in any lawful manner cannot be curtailed without compensation except by a legitimate exercise of the police power. *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26, 32. Having in mind the broad language of the ordinance, a careful consideration of all the testimony before the board convinces us that the objections had no substantial relation to the public health, safety, morals or general welfare. We are therefore constrained to hold that in the circumstances the action of the board denying the application was arbitrary and a clear abuse of discretion. *Sundlun* v. *Zoning Board of Review, supra.* See also *McCabe* v. *Zoning Board of Review,* 50 R. I. 449; *East Providence Mills, Inc.* v. *Zoning Board of Review,* 51 R. I. 428.

It is therefore ordered that the decision of the board be reversed. It is the duty of the board to grant the petitioner's application subject to such safeguards as may be reasonably necessary, if any. The papers in the case are ordered sent back to the respondent board together with a copy of this opinion.

*Francis Cappalli,* for petitioner.

*J. Frederick Murphy,* City Solicitor, *Irwin Chernick,* Ass't. City Solicitor, for respondent.