DELPHIS J. DENELLE *et al. vs.* ZONING BOARD OF
REVIEW OF THE CITY OF PAWTUCKET.

JULY 17, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J.   This is a petition for a writ of certiorari to re-
view the decision of the zoning board of review of the city
of Pawtucket denying the applications of the petitioners

for an exception or variance to permit them to erect a gasoline filling station on land owned by them in a residence B district. The writ was issued and pursuant thereto the pertinent records have been certified to this court.

Delphis J. Denelle and his wife Eva L. Denelle are the owners of an unimproved lot of land on the easterly side of Newport avenue in Pawtucket. This lot is numbered 36 on assessor's plat No. 41. Guilio S. Satti and his wife Anna Satti are the owners of two unimproved lots numbered 32 and 34 respectively on said plat and located on Newport avenue just southerly of the Denelle lot. The three lots together have a frontage of 150 feet and each extends back 100 feet.

The Denelles and the Sattis each filed an application for an exception or a variance with the board of appeals which sits as a board of review in matters pertaining to the zoning ordinance. The applications were heard together on October 14, 1958 and several remonstrants appeared. Thereafter the members of the board viewed the premises and later denied the applications.

It appears from the evidence that the lots in question are in a residence B district; that Newport avenue is 66 feet wide and is a main highway extending from the Massachusetts state line southerly to the city line of the city of East Providence; that it is heavily traveled; and that the land contiguous thereto has become commercialized to some degree.

Delphis J. Denelle, one of the petitioners, testified that it would not be wise to build a residence on this property; that going south on Newport avenue there is a nursery, a doughnut shop, a wallpaper store and the Narragansett race track; that going north there is an apartment house, a beauty parlor, a doctor's office, insurance offices, a bank and a drugstore; and that the area was largely commercial.

Roger Messier, a real estate expert, testified that he had been in the real estate and insurance business for five years;

458

that the most beneficial use of this property was a commercial use; that it would not be practical for Mr. Denelle to build there; and that a gas station would enhance the property values in the neighborhood.

Richard H. Blake testified that he was employed by Esso Standard Oil Company; that it is the policy of his company to own gasoline stations and lease them to individual operators.

Jesse Perry testified that in 1952 he built a sixteen-room apartment house on land adjoining lot No. 36; that there are four apartments which are all rented at $100 each a month; and that he felt that a gasoline station would depreciate his property.

A resident of Maplewood Drive testified that his house was westerly of the proposed gasoline station and about 200 feet away; that he had been in the real estate business; that a gasoline station would be a traffic hazard; that it was not needed; and that houses, if built within the reach of average people, would be sold before they were completed. Another resident of Maplewood Drive whose property was in part on Newport avenue testified that the proposed gasoline station would depreciate property and also constitute a fire hazard.

The question before us is whether the decision of the board based on the exercise of its discretion was so arbitrary and unreasonable as to constitute a clear abuse of discretion. *Woodbury* v. *Zoning Board of Review*, 78 R. I. 319.

Conflicting opinions were expressed on whether the proposed gasoline station would be a fire hazard, would tend to obstruct traffic, and would depreciate surrounding property. The board viewed the premises and thereafter denied the applications giving as reasons therefor the following:

"1) That the proposed use would tend to depreciate the surrounding property values.

"2) That the proposed use would tend to create a traffic hazard at this point on Newport Ave.

"3) That the proposed use would not be possessive of a reasonable tendency towards promoting the public convenience, the public welfare, or the public health.

"4) That the proposed use is not reasonably necessary for the convenience or welfare of the public."

The petitioners assert that the board failed to use the correct standard in determining whether the applicants were entitled to an exception under section 26.6 of the revised ordinances of 1956. The statement of the board's reasons for denying the applications affords some basis for that assertion. However that may be, it should be noted that the land in question is in a residence B district and that in such a district a gasoline station is a permitted use under section 26.6 (4) if approved by the board.

In a somewhat similar case this court stated in *Sundlun* v. *Zoning Board of Review,* 50 R. I. 108, at page 114:

"There can be no doubt that a gasoline filling station would, in some sections, under certain conditions, increase the fire hazard, and, therefore, be detrimental to public safety. But the fact that the ordinance permits such stations within a Residence B district, if approved by the Board of Review, demonstrates that the exclusion of such stations from Residence B districts is not essential to the general zoning plan, and that it is the intent of the ordinance that the Board should, on application being made, make an exception in favor of such stations in such districts wherever the existence of such a station would be reasonably consistent with a due observance of public health, safety, morals and the general welfare in the proper sense. The owner's right to use his property cannot be curtailed without compensation, except by a legitimate exercise of the police powers."

The opinion in the *Sundlun* case emphasizes the fact that a person's right to the beneficial use of his land cannot be taken from him lightly and without reason. Is there adequate cause for denying to these petitioners the privilege

which they desire of constructing on their land a gasoline station the exclusion of which as we said in the *Sundlun* case is not essential to the general zoning plan? We are of the opinion there is not. It would appear from the evidence that the section of Newport avenue where petitioners' land is located is undergoing a more or less rapid transition from a residential to a commercial use. This is shown by the concededly heavy traffic, by the stores and by the offices here and there along the highway. Although the proposed gasoline station with vehicles entering and leaving might have a tendency to increase the traffic hazard it would not create one. On the other hand such a station would in some measure serve the public convenience especially with reference to motorists traveling in a northerly direction on Newport avenue.

The evidence as to depreciation is sharply conflicting. Where a highway is undergoing such a change as the evidence indicates Newport avenue is experiencing, undoubtedly real estate values fluctuate. Some rise and some fall.

After a careful consideration of all the evidence and mindful of the ordinance which permits conditionally a gasoline station in a district such as here, we are of the opinion that no sound and adequate reason has been shown why the board should deny to the petitioners the privilege of using their land for a gasoline station with such reasonable safeguards as the board may establish in accordance with the intent of section 26.6 of the ordinance. *Holgate v. Zoning Board of Review*, 74 R. I. 333. In all the circumstances we are of the further opinion that the board abused its discretion in not granting such exception.

The petition for certiorari is granted and the decision of the respondent board is reversed. It is the duty of the board to grant the petitioners' application subject to such safeguards as may be reasonably necessary, if any. The

papers in the case are ordered sent back to the board with our decision endorsed thereon.

*Woolley, Blais & Quinn,* for petitioners Delphis J. and Eva L. Denelle.

*Joseph A. Capineri,* for petitioners Guilio S. and Anna Satti.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Assistant City Solicitor, for respondent.