Center Realty Corp. *vs.* Zoning Board of Review of the City of Warwick.

MARCH 22, 1963.

Present: Condon, C. J., Roberts, Powers and Frost, JJ.

ROBERTS, J. This is a petition for certiorari to review a decision of the zoning board of review of the city of Warwick denying the petitioner's application for an exception to the provisions of the zoning ordinance of that city. Pursuant to the writ the board has returned to this court a certified copy of the record of the proceedings.

It appears therefrom that petitioner is the owner of a parcel of land comprising portions of lots 214 and 215 on assessor's plat 267 located on the easterly side of Post Road at the intersection of Delaine street and presently zoned

for general business uses. The petitioner specifically seeks an exception pursuant to sec. 14.2.3 of the zoning ordinance pursuant to which it proposes to erect a gasoline service station, which is not a permitted use in areas zoned for general business purposes.

Section 14.2.3 authorizes the board of review in appropriate cases and subject to appropriate conditions and safeguards "to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public." In enacting this section of the ordinance the city council, in effect, conferred upon the board a portion of the power to provide for special exceptions to the terms of the ordinance that had been delegated to the city council under the provisions of the enabling act, G. L. 1956, §45-24-13.

It appears from the record that the board had inspected the premises, considered the evidence adduced at the hearing in support of the application, and concluded "that there was not sufficient evidence to prove that this was for the convenience and welfare of the public * * *." The board also made certain other irrelevant findings and then voted unanimously to deny the application.

Section 14.2.3 confers a broad grant of power on the board to make exceptions to any provision of the ordinance when necessary to the public convenience and welfare. In *Hazen* v. *Zoning Board of Review*, 90 R. I. 108, this court made it clear that the power of a board of review to make exceptions to the terms of the ordinance in these circumstances is subject to compliance with such conditions precedent as are prescribed therein and a finding by the board that there has not been compliance with the conditions precedent leaves the board without authority to act affirmatively upon the application.

In *Monforte* v. *Zoning Board of Review*, 93 R. I. 447, 176 A.2d 726, this court considered an ordinance provision

that authorized the granting of exceptions where to so do would substantially serve the public convenience and welfare and held that this provision constituted a condition precedent that limited the authority of that board to act affirmatively. In that opinion we said at page 729: "Under these provisions the board is required to make a finding prior to the grant of the exception as to whether the exception, if granted, would substantially serve the public convenience and welfare. It is our opinion that if such finding is that a grant of the proposed exception would not substantially serve the public convenience and welfare, the board is without authority to act affirmatively on the application for the exception."

In the instant ordinance the words "reasonably necessary for the convenience and welfare of the public" also constitute a limitation upon the authority of the board to act affirmatively upon an application for an exception pursuant to the ordinance provision. In the case at bar it was incumbent upon the board to make a finding as to the effect of the exception, if granted, upon the public convenience and welfare and, if such finding be negative, the board is without authority to act affirmatively. It is clear from the language of the decision, holding that the evidence was insufficient to prove that the exception was for the public convenience and welfare, that the board found, inferentially at least, that the exception, if granted, would be contrary to the public convenience and welfare. It is clear that its denial of the exception was based upon this finding of noncompliance with the condition precedent contained in the ordinance.

The petitioner, however, contends that there is in the record no evidence supporting the board's finding that the exception here, if granted, would be contrary to the public convenience and welfare, and argues therefrom that the decision of the board was arbitrary and constituted an abuse

of discretion. In the decision the board declared its opinion as to the insufficiency of the evidence to establish that the exception sought was necessary for the public convenience and welfare. This is, in effect, an assessment of the probative force of petitioner's evidence that, translated into an exercise of the board's fact-finding power, constitutes an inferential finding that petitioner had failed to establish that the exception, if granted, would not adversely affect the convenience and welfare of the public. In the circumstance petitioner's contention concerning an absence of evidence supporting the finding of the board raises a question as to what the legislature meant in using the words "convenience and welfare of the public."

The public convenience and welfare made a condition precedent to the grant of an exception to the ordinance is the same public interest that gives validity to an exercise of the police power that otherwise would be invalid as violating some constitutionally protected right or interest. The zoning legislation contemplates the restriction in the public interest of an owner's common-law right to make free use of his land. The special exception is intended to permit the alleviation of such restriction when to so do would not be contrary to those interests of the public that give validity to the imposition of the zoning restriction as an exercise of the police power. In short, to relieve a particular parcel of land by way of special exception from the burden of restrictions imposed thereon by a zoning ordinance is proper only when the result of such action is not inimical to the public interests upon which the validity of the zoning ordinance was predicated.

This court has recognized that the function of special exceptions is to alleviate the burden of use restrictions on land that cannot be related reasonably to the public interest. In *Buckminster* v. *Zoning Board of Review,* 69 R. I. 396, this court, in discussing the office of the special exception,

said at page 401: "If the restrictions imposed by the ordinance are reasonable, an owner of land who is affected thereby in common with all others cannot complain. But, in the application of such a law, there may arise in individual cases need for an exception therefrom." The court then went on to note that the legislature had provided for the creation of boards of review vested with authority to make special exceptions pursuant to a zoning ordinance to the end that "in a proper case, the public interests and those of an owner of land might be fairly adjusted without undue disturbance to the general welfare." It is our opinion that the court, in using this language, expresses its acceptance of the view that special exceptions inure primarily to the benefit of the owner of land and any benefits that inure to the public generally are only consequential to the grant of the exception.

An examination of the cases that reach this court for review on certiorari is persuasive that boards of review frequently confuse the public interests that bear so directly upon the validity of zoning legislation with that concept of the public convenience and welfare upon which rests the validity of legislation licensing or regulating the conduct of particular classes of business. The legislature did not contemplate that the exception was to be granted upon a showing that to do so would make it more convenient for individual members of the public to acquire services or necessaries. On the contrary, it was intended that exceptions would be made where it was shown that to relieve a particular parcel of land from the burden of existing restrictions placed thereon would not adversely affect the public interests that give validity to zoning enactments.

This is not to say that evidence which tends to prove that the making of a particular exception would serve the convenience of individual members of the public may not be also probative of ultimate facts from which it could be

concluded that the making of such exceptions would not be contrary to the public interests. For example, evidence tending to prove that the establishment of a commercial enterprise by way of exception in one section of a community would convenience that segment of the public resident nearby might well tend to prove also that its establishment would have the effect of relieving serious traffic congestion in another section of the same community and thus not be contrary to the relevant public interests. It is our view that it was not intended that an exception would be granted merely upon a showing that to so do would convenience individual members of the general public.

Stated briefly, it is our opinion that a board of review is without authority to make an exception pursuant to the provisions of an ordinance therefor absent a showing of compliance with any proper conditions precedent thereto prescribed by the local legislature in providing for such exception. It is, however, our further opinion that when an applicant for an exception establishes compliance with the conditions precedent, and in particular has shown that the granting of the exception would not have results that would be contrary to the public interests, a denial of such exception by the board constitutes an abuse of the discretion vested therein. This latter view, of course, is subject to our well-settled policy that the fact-finding power is in the board of review in the first instance at least, and that ordinarily this court will not pass upon the weight of the evidence in reviewing a decision of such board. Where the decision is supported by legal and competent evidence, this court, absent some compelling circumstance, will not disturb that decision.

Turning to the decision in the instant case, we are confronted with a record that is barren of evidence tending to prove that the exception, if granted, would adversely affect the public interests. It is true, as contended by respondent,

that in these cases the burden is on the applicant to prove compliance with any prescribed condition precedent, in this case that the exception is necessary for the public convenience and welfare. The petitioner, in an attempt to meet that burden, has adduced evidence tending to prove that the operation of the service station, if erected, would not increase traffic congestion in the area and that it would tend to reduce certain traffic hazards arising out of the necessity to cross the flow of traffic to reach other service stations. The petitioner also introduced evidence that the operation of the station would not produce any objectionable noise or noxious odors. In addition, two real estate experts testified on petitioner's behalf that they were of the opinion that the service station is necessary to the public welfare and convenience.

It is to be noted that the record does not contain any evidence which contradicts that adduced by petitioner as to the effect of the operation on traffic, nor has any affirmative evidence been introduced that the station, if erected, would impair public safety, increase use density, or overburden facilities related to the public health. It is true the board indicated that it had inspected the premises prior to the hearing, and it well may be that the board reached its conclusion on the basis of knowledge that it had acquired through this inspection. It is settled that where a board of review acts on the basis of its own knowledge of conditions at the location of a proposed exception, that knowledge is considered to be in the nature of legal evidence and, where sufficient, will support such finding. *Monforte* v. *Zoning Board of Review, supra; Woodbury* v. *Zoning Board of Review,* 78 R. I. 319.

In the instant case, however, the board does not disclose in the record that it did decide this application on the basis of knowledge acquired through its inspection of the premises, and this court will not presume that it so acted in

reaching a conclusion. To sustain a decision on the basis that the board acted on knowledge acquired by an inspection, the record must disclose reasonably that such information was acquired and that the action on the application was pursuant thereto. *Kelly* v. *Zoning Board of Review,* 94 R. I. 298, 180 A.2d 319. Neither will this court presume that the application was denied on the theory that a gasoline service station is by its very nature an objectionable type of business and on that basis may be excluded where entitlement to an exception is otherwise established. We rejected this view in *Parker* v. *Zoning Board of Review,* 90 R. I. 166, 170.

It is our opinion that the decision here reflects a misunderstanding on the part of the board as to the latitude of its discretion in dealing with applications for special exceptions. The board emphasizes a failure of the applicant to sustain a burden of affirmative proof. This contention was made in *Buckminster* v. *Zoning Board of Review, supra,* where it was argued that the respondent board was without power to grant an exception unless the evidence affirmatively established that the exception was in the furtherance of the public interests. This court, indicating its awareness of the fact that exceptions inherently and primarily inure to the benefit of the landowner, rejected that view, saying at page 401: "* * * if, on competent evidence, it found that the exception sought by him was not unduly contrary to the ordinance provisions for the preservation of the common interests" the board had authority to grant the exception.

It is our opinion that in an appropriate case and absent some other relevant reason for denying the exception sought, to deny such exception where it has been established that to grant it would not adversely affect the public interests is in fact an abuse of discretion. In the circumstances it is our opinion that the ends of justice will be

best served if the board were to again consider this application and thereafter reach a determination thereon in accordance with this opinion.

The instant cause and the record certified are remanded to the respondent board with instruction that the application therein be reconsidered and determined in accordance with this opinion, reserving to the board the right to reopen the matter for hearing and permit the submission of further evidence if it so desires. Jurisdiction over the petition for certiorari, however, is retained by this court pending certification thereto of such further action on the application as the board may make pursuant to this remand.

*Charles F. Cottam,* for petitioner.

*James R. Morriss,* City Solicitor, *James P. Quirk,* Assistant City Solicitor, for respondent.