MICHAEL CHIRICO *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

JUNE 2, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the zoning board of the city of Warwick in denying the petitioner's application for an exception from the zoning ordinance pursuant to the provisions of section 14.2.3 thereof. We issued the writ and in compliance there-

with the board has made due return of all the records and papers pertaining to its proceedings in the matter.

The petitioner is the owner of lot 44 on assessor's plat 293 situated on the westerly side of Warwick avenue in the city of Warwick. He desires to use the lot for a gasoline service station where, in addition to the sale of gasoline, light repair work would be performed. Although the lot is in a heavy commercial district such a use is not allowed therein without the express permission of the zoning board. Under sec. 14.2.3 the board is authorized to make special exceptions to the terms of the ordinance "where the exception is reasonably necessary for the convenience and welfare of the public."

At the hearing before the board the applicant testified in support of his petition that the lot was irregular in shape and for that reason he had been unable to interest anyone in purchasing it. It also appeared from his testimony that Texaco was willing to buy the lot for a gasoline station and it was the only possible purchaser except that one person wanted it for a "hamburger place" but also wanted petitioner to put up a building.

A realtor testified in petitioner's behalf to the effect that he had the property listed for sale for a period of two years and had been unable to interest any other person to purchase it subject to the permitted uses under the ordinance. In the opinion of the realtor the "highest and best use" of the lot would be a gasoline station and that the one which Texaco proposed to build would not devaluate neighboring property but on the contrary would enhance its value and greatly improve the surrounding area. On the basis of this testimony petitioner's attorney argued that to deny the application would be to deprive petitioner "of the most beneficial use" of the lot. There were no objectors at the hearing but the board reserved decision to make a further investigation of the premises.

Thereafter the board filed a decision wherein it stated

several reasons for denying the exception. After weighing the testimony and relying upon its own knowledge of the area where the lot is located and of the number of gas stations on Warwick avenue within a distance of 2.3 miles, it concluded that the evidence was insufficient to prove another station was necessary for the convenience and welfare of the public; that there were no unusual site conditions involved; and that the lot was ideally suited for many uses in a heavy commercial district. It further found that the denial of the requested exception would not result in depriving the applicant of the full and beneficial use of his land since there were those other uses permitted in a heavy commercial district.

The petitioner contends that none of those reasons is sufficient to justify the denial of his application. With reference to the first above-mentioned reason, he argues that the existence of a number of other gasoline stations within the vicinity of his lot is without probative force on the issue of whether the allowance of another would be contrary to the convenience and welfare of the public. As to the second such reason, he contends that he had no duty to show that the exception would be for the convenience and welfare of the public, but that it was the board's duty to show that its finding denying the exception was based on evidence supportive of that ground.

The petitioner challenges the accuracy of the third reason and claims that a mere reference to the copy of the plat map demonstrates conclusively "that there are or might be some unusual site conditions" involved in the shape of the lot. In this connection he points out that the testimony shows that it was impossible to interest prospective purchasers of the lot because of its irregular shape. As to the fourth reason, he concedes that it may well be true that the lot is suitable for many of the uses permitted in the district, but he argues that after trying for two years unsuccessfully to

find a purchaser this should be deemed a reasonable basis for granting an exception from the ordinance.

We have set out petitioner's contentions at some length because it would appear from their mere statement that petitioner has a misconception of the obligation resting upon an applicant for an exception under sec. 14.2.3. That section authorizes the zoning board, "In appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public." Whether the case presented by the application is an appropriate one and whether the exception will necessarily serve the public convenience and welfare are matters which the applicant must prove to the satisfaction of the board. This he has not done.

There is no evidence in the record that petitioner's lot is not reasonably suited for the uses permitted in a heavy commercial district. Its irregular shape has not been shown to be an obstacle to its adaptability for such uses. Nor do we find any evidence that tends to prove the public need for another gasoline station in the area. The fact that petitioner has been unable after two years of persistent effort to sell the lot subject to the permitted uses does not justify the grant of an exception therefrom to enable him to consummate a sale to the only prospect he has found willing to purchase provided the lot could be used for a gasoline station.

He must do something more than that to entitle him to relief from the existing zoning restrictions. He must show that "the exception is reasonably necessary for the convenience and welfare of the public." In our opinion the petitioner presented no evidence possessed of such probative effect and therefore the board did not abuse its discretion in denying his application for lack of competent evidence to support it.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records and papers certified are ordered sent back to the board with our decision endorsed thereon.

ROBERTS, J., dissenting. When under our enabling act a local legislature enacts a zoning ordinance and provides therein for exceptions to its terms and requires that prior to the granting thereof the board make a finding as to whether such exceptions, if granted, would serve the welfare and convenience of the public, the making of such finding on the basis of legally competent evidence is virtually a condition precedent to an exercise by the board of its authority to make such exceptions. *Hazen* v. *Zoning Board of Review*, 90 R. I. 108. In *Monforte* v. *Zoning Board of Review*, 93 R. I. 447, 176 A.2d 726, 729, this court said that when a board under such an ordinance provision finds "that a grant of the proposed exception would not substantially serve the public convenience and welfare, the board is without authority to act affirmatively on the application for the exception."

It does not follow, however, that such a condition precedent to the grant of an exception can be established only by showing on the basis of legally competent evidence that it will supply or further the personal needs or desires of some individual or group of individuals in the community. In *Center Realty Corp.* v. *Zoning Board of Review*, 96 R. I. 76, 189 A.2d 347, 350, this court clearly stated that the enabling act does not contemplate that exceptions to the terms of a zoning ordinance are to be granted on the basis of individual needs but rather "it was intended that exceptions would be made where it was shown that to relieve a particular parcel of land from the burden of existing restrictions placed thereon would not adversely affect the public interests that give validity to zoning enactments." The view that we therein stated posits my conviction that to construe this provision of the zoning ordinance otherwise

would raise a serious question as to the jurisdiction of the board to act at all in the premises.

A use provided for in a zoning ordinance by way of an exception is in its nature a permitted use for which the local legislature may provide in order that "the public interests and those of an owner of land might be fairly adjusted without undue disturbance to the general welfare." *Buckminster* v. *Zoning Board of Review,* 69 R. I. 396, 401. In that case this court recognized that the exception is a device that permits the alleviation of use restrictions on particular parcels of land that are not reasonably related to the public interests that warrant the exercise of the police power under which such were imposed. It is clear that the reduction of the restriction thus imposed to one lesser in degree should also constitute a valid exercise of the police power, and such adjustment should be made unless it be shown clearly contrary to those public interests upon which the police power is based.

In *Center Realty Corp.* v. *Zoning Board of Review, supra,* this court took the view that such exceptions set out in a zoning ordinance are intended to inure primarily to the benefit of the owner of the burdened land and that benefits inuring therefrom to the public generally are only a consequence of the grant of the exception. In that opinion we stated our conclusion "that when an applicant for an exception establishes compliance with the conditions precedent, and in particular has shown that the granting of the exception would not have results that would be contrary to the public interests, a denial of such exception by the board constitutes an abuse of the discretion vested therein."

I perceive no reason for departing from our prior conclusion that where the grant of an exception provided for in a zoning ordinance is conditioned on a showing that it will reasonably or substantially serve the welfare and convenience of the public, the absence of proof that it will serve or convenience the exigencies or desires of individuals in

the community does not preclude a finding by the board that compliance with the condition precedent has been established. This is true particularly where the applicant has adduced evidence tending to prove that the proposed use by way of exception will not be contrary to the public health, morals, safety, or welfare, for in such circumstances it is clear that the exception may be granted for the purpose of making the restriction imposed on the land reasonably consistent with an exercise of the police power by which it was imposed.

Testimonial evidence was adduced in this case only on behalf of the applicant. He himself testified that the neighborhood in which the land is located is devoted substantially to commercial uses, and that he had unsuccessfully sought to sell it to potential purchasers for uses permitted in a heavy commercial zone. A realtor testifying in his behalf stated that the area was commercial in character; that the operation of a gasoline station would not devalue surrounding property but, in his opinion, would enhance such values; that it would not generate increased traffic or create traffic hazards; and that the proposed use would result in better lighting and improved sidewalks. No remonstrants appeared, and no evidence was adduced to contradict or impeach the testimony thus supplied in petitioner's behalf. Were the question here simply one of weight and credibility, this court, of course, would not disturb the board's finding.

The question raised, however, is whether there is in the record any evidence supporting the finding of the board that petitioner had not established as a condition precedent that to grant this exception would not be contrary to the public interests from which zoning derives its validity. The record discloses that the board made an inspection of the premises and was aware of the operation of other gasoline stations along Warwick avenue. In *Center Realty Corp.* v. *Zoning Board of Review*, 96 R. I. 482, 194 A.2d 671, we said at page 673: "It is our opinion then that evidence showing

that other gasoline stations are being operated in the vicinity of the proposed station is without probative force on the issue of whether the exception, if granted, would be contrary to the convenience and welfare of the public." Reasonably competent evidence, as we noted in *Zimarino* v. *Zoning Board of Review,* 95 R. I. 383, 187 A.2d 259, 261, is "any evidence that is not incompetent by reason of being devoid of probative force as to the pertinent issues."

Conceding that knowledge acquired by a board of review during an inspection constitutes legally competent evidence which may support its findings, it will not be given that status by this court unless the record discloses what the board observed and acted upon. We will not presume that it acted on evidence of this character absent some disclosure thereof in the record. We said in *Kelly* v. *Zoning Board of Review,* 94 R. I. 298, 180 A.2d 319, 322: "To sustain a decision on the basis of the board's acting on knowledge acquired by inspection, the record must contain some reasonable disclosure as to the knowledge so acquired and their action pursuant thereto." There is in this record no such disclosure, and I am constrained to conclude that the finding of the board here that petitioner failed to establish the condition precedent to a grant of this exception is not supported by legally competent evidence.

The position I here take is not to be understood as imposing on a board of review the burden of proving the facts upon which it reaches decisions. What I rely on here is simply the settled rule that the findings or decisions of such boards of review must rest upon reasonably competent evidence disclosed in the record. Where such evidence is to flow from the presumption that attaches to inspections by these boards or from their presumed expertise in the administration of zoning ordinances, the record must disclose the character of the observations or the conclusions from which it derives. The absence of such disclosure in the record here persuades me that the decision of the board constituted an

abuse of its discretion. See *Denelle* v. *Zoning Board of Review*, 89 R. I. 456.

*Gallogly, Beals & Tiernan, G. Chandler Beals,* for petitioner.

*James R. Morriss,* City Solicitor, *Howard R. Haronian,* Assistant City Solicitor, for respondent.