**The CITY OF GEORGETOWN, Kentucky et al., Appellants,**

v.

**DEEVCO, INC., et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 27, 1970.

J. Clay McKnight, City Atty., Georgetown, for appellants.

E. Durward Weldon, Richard M. Compton, Todd, Compton & Odell, Georgetown, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment invalidating the action taken by the Georgetown Municipal Planning and Zoning Commission when it declined to approve a land-use plan submitted by appellees. The Chancellor's ruling was based on his conclusion that the Commission's order was arbitrary, discriminatory and not supported by substantial evidence.

The property involved is a lot on the corner of U.S. Highway 25 and Hiawatha Trail in the City of Georgetown. It has a frontage of 175 feet on U.S. 25 and 125 feet on Hiawatha Trail. This area is zoned B–2 (Commercial) and a gasoline service station is a permissible use under that classification.

Appellees plan to use this lot for that purpose. Under the zoning regulations they were required to submit to the Commission for approval a preliminary plat showing the proposed land use. Such a plat was submitted and it showed two 50 foot entrances on U.S. 25 and one 35 foot entrance on Hiawatha Trail. A hearing was held, at which the only evidence was introduced by the property owner. The uncontradicted evidence was that access to U.S. 25 was an absolute necessity for the proper use of this lot as a service station. The Commission rejected the plan solely on the ground that the entrances on U.S. 25 would create traffic congestion. The property owner offered to minimize the traffic problem by agreeing to pay a substantial sum for traffic control devices and consented to certain other traffic controls. (These conditions were incorporated in the judgment.)

At the outset, neither the record nor the briefs furnish us with any source which empowers the Commission to reject a land-use plan on the ground that it would create traffic problems on the abutting street or streets. Appellants contend the city has police power to regulate the use of its streets, which is true, but the city has not delegated to the Commission authority to

prescribe what entrance ways a property owner may utilize. Apparently it is appellants' position that the Commission has some sort of floating power to disapprove a land-use plan if in its opinion traffic problems will be created. These problems are properly taken into consideration when the *zoning* plan is adopted, but we find no authority granted the Commission to reconsider them every time a property owner seeks to use his land in conformity with the zoning regulations.

 Assuming, however, that the Commission has some regulatory control over land use in a zoned area, it cannot deny the right of a property owner to conduct a lawful business on his premises which is permissible under the zoning plan, even if traffic congestion is increased. Parkrite Auto Park v. Shea, 314 Ky. 520, 235 S.W. 2d 986. In 75 A.L.R.2d 168, 286, many cases are cited for the proposition that:

> "Under most circumstances, the denial of an application for the erection or operation of a gasoline filling station in a zone in which such use is not forbidden by the zoning ordinance is regarded as arbitrary and unreasonable."

See also Denelle v. Zoning Board of Review, 89 R.I. 456, 153 A.2d 143 (1959); Pratt v. Larkin, Sup., 195 N.Y.S.2d 193 (1959); and Lemir Realty Corp. v. Larkin, Sup., 195 N.Y.S.2d 232 (1959).

The foregoing cases stand for the proposition that a property owner has a legal right to conduct a lawful business which is permissible under a prevailing zoning ordinance and he cannot be deprived of that right except for most impelling reasons. In the present case it was proven that the lot involved could not be used for a gasoline filling station purpose without access to U.S. 25. To deny appellees this right of access is to deny them a lawful use of their property.

In the present case there was no showing whatever that appellees' proposed plan (including the two outlets on U.S. 25) would violate the letter or spirit of the zoning ordinance, or any other ordinance or regulation of the City of Georgetown. There was no evidence that traffic congestion would even be increased (although we could assume that probably it would be), much less proof that traffic congestion would be of such magnitude as to constitute a nuisance or justify a denial of appellees' right to use their property in a lawful business. See Parkrite Auto Park v. Shea, 314 Ky. 520, 235 S.W.2d 986; and Spohrer v. Town of Oyster Bay, 29 Misc.2d 366, 219 N.Y.S.2d 376 (1961). Neither law nor fact justified the action of the Commission. We are in entire agreement with the Chancellor's conclusion that it was arbitrary.

The judgment is affirmed.

All concur.