REQUESTED BY: Senator Shirley Marsh Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Marsh:
LB 466 as amended would make it unprofessional conduct for a physician to perform an abortion when he or she will not be available for a period of at least 48 hours for postoperative care unless such post-operative care is delegated to and accepted by another physician. You ask whether such a provision is constitutional. We have concluded it may not be.
An abortion is a legitimate medical procedure to which a woman has a right as limited by a compelling state interest.See, Roe v. Wade, 410 U.S. 113 (1973), and Doe v.Bolton, 410 U.S. 179 (1973). According to the Court inWade, above, the state's interest in the health of the mother reaches the compelling point at approximately the end of the first trimester. The state's important and legitimate interest in potential life reaches the compelling point at viability. The Court held unconstitutional a statute which made no distinction between abortions performed early in pregnancy and those performed later and which limited the legal justification for the procedure to a single reason, `saving' the mother's life.
The Court referred to Bolton, above, as one to be read with it.
 The decision vindicates the right of the physician to administer medical treatment according to his professional judgment up to the points where important state interests provide compelling justifications for intervention. Up to those points, the abortion decision in all its aspects is inherently, and primarily, a medical decision, and basic responsibility for it must rest with the physician. If an individual practitioner abuses the privilege of exercising proper medical judgment, the usual remedies, judicial and intra-professional, are available.
Supra, at 165-166. Similarly, from Lincoln Dairy Companyv. Finigan, 170 Neb. 777, 104 N.W.2d 227 (1960), we can infer that the Legislature may not under the guise of police regulation stifle legitimate business or make constitutional rights subservient to pressure groups seeking enactment of statutes advantageous to their particular point of view. To single out abortion procedures for special treatment from other medical procedures not only would have a chilling effect on constitutional rights but it may be an unconstitutional classification.
To be constitutional under Article III, Section 18, of the Nebraska Constitution, a classification should rest upon some difference in situation or circumstances between the thing or person placed in one class and that placed in another. Invalid class legislation denies rights to one which are accorded to others or inflicts upon one individual a more severe penalty than is imposed upon another in like case of offending. To be constitutional the class must be based on some reason suggested by such a difference in the situation and circumstances of the subjects placed in different classes as to disclose the necessity or propriety of different legislation in respect to them. See, Galloway v.Wolfe, 117 Neb. 824, 826 (1929).
LB 466 as amended would also redefine `health clinic' to include the residence, office or clinic of a private physician if ten or more abortions per week are performed there. We have concluded that such a provision is probably unconstitutional as qualified below.
Health clinics are licensed in Nebraska to provide for the development, establishment and enforcement of basic standards for the care of persons in them and for the construction, operation and maintenance of them in such a way as to insure the safe and adequate care of persons in such facilities. See, Neb.Rev.Stat. § 71-2017 (Reissue 1976).
The exemption of physicians' offices from licensing under Neb.Rev.Stat. § 71-2017.01 (Reissue 1976) is proper only when the result of such action is not inimical to the public interests upon which the validity of the licensing statute was predicated. See, Federal Realty Corp. v. Zoning Boardof Review of the City of Warwick, 96 R.I. 76, 189 A.2d 347
(1963). It follows that withdrawal of that exemption is proper when the result of it is inimical to the public interests upon which the validity of the licensing statute was predicated.
Health services in a health clinic are available only on an outpatient basis and for a period not exceeding 24 consecutive hours. See, Neb.Rev.Stat. § 71-2017.01(4) (Reissue 1976). Thus, assuming the validity of the exception for physicians' offices under current law, there would be no justification for withdrawing the exemption because of the number of patients treated in any week. As discussed above, there may be an unconstitutional classification by singling out abortions from other medical procedures.
Sincerely yours, PAUL L. DOUGLAS Attorney General Marilyn B. Hutchinson Assistant Attorney General