Arthur AUDETTE et al.

v.

John T. COLETTI, D.D.S. et al.

No. 86–156–M.P.

Supreme Court of Rhode Island.

March 31, 1988.

Lauren E. Jones, Michael T. Eskey, Jones & Aisenberg, Providence, for plaintiffs.

John P. McGann, Philip W. Noel, Gary R. Pannone, Coffey, McGovern, Noel & Neal Ltd., Providence, Alfred Ferruolo, Warwick, for defendants.

## OPINION

MURRAY, Justice.

This matter is before this court on a petition for certiorari filed by Arthur Audette, Patricia Audette, John Blakeslee, and Jane Blakeslee. The petitioners sought review of a Superior Court order filed March 10, 1986, entered after a written decision that sustained a decision of the Zoning Board of Review for the City of Warwick (the board). The board had granted an application for a special exception filed by Dr. John T. Coletti (Coletti), pursuant to which Coletti sought to use his property, located in a residential zone in Warwick, for a business use. For the reasons set forth below, the petition for certiorari is granted and the judgment below is quashed.

The subject matter of this dispute centers around the permitted use of a piece of property purchased by Coletti from Robert and Angelica Redleaf (the Redleafs). The parcel in question was situated in an area zoned for residential use. The Redleafs previously applied for and were granted a special exception [1] to construct a medical building on the parcel. The special exception was subject to certain restrictions. Among the restrictions to which the Redleafs were required to adhere were three requirements of particular interest to peti-

---

1. The Zoning Ordinance of the City of Warwick § 14.2.3 (1987) permits the board "[i]n appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public." The term "reasonably necessary for the convenience and welfare of the public" contained therein has been interpreted in *Center Realty Corp. v. Zoning Board of* *Review of Warwick,* 96 R.I. 76, 189 A.2d 347 (1963). There we held that it is an abuse of discretion for a zoning board to deny an application for a special exception once an applicant has made an unrebutted showing that the grant of such exception is not inimical to the public interest. In so holding we noted that § 14.2.3 was designed to alleviate restrictions upon land not reasonably related to the public interest. *Id.* at 80, 189 A.2d at 350.

tioners. The proposed structure was to be moved toward the western property line. A driveway proposed by the Redleafs was to be situated to the west of the medical building. A stockade fence was to be erected to separate the two parcels of land. These restrictions, along with two others, had the effect of moving the proposed structure as far away as possible from a two-hundred-year-old home owned by two of petitioners, Arthur and Patricia Audette (the Audettes).[2]

The restrictions further provided the Audettes with a buffer from some of the more intrusive effects that a commercial structure are likely to have upon abutting residential dwellings. The special exception was issued on December 9, 1982 and was later extended for one additional year, to expire on December 9, 1984. The Redleafs elected not to proceed with the construction of the medical building as approved by the zoning board. Instead they conveyed their interest in the property to Coletti, respondent herein.[3]

During the period of time in which the prior special exception remained in effect Coletti came before the board and requested a change in site plan. The change was approved. Construction commenced and a foundation was at least partially laid. The foundation and certain other details of the structure did not conform to the restrictions contained in the special exception issued to the Redleafs. The petitioners complained to the board. Because the hearing at which the change was approved was held without notice to petitioners the board rescinded its approval.[4] A cease and desist order was issued by the building inspector. Coletti then petitioned the board anew to grant him a special exception that would allow him to erect the proposed structure closer to the lot owned by the Audettes. A driveway leading to a parking lot was to run along the easterly border of the Coletti parcel, abutting the Audette home. The

board conducted a hearing on January 15, 1985. Coletti offered competent expert testimony sufficient to sustain a finding by the board that the erection of a medical building was not inimical to the public interest. The board then issued the special exception applied for by Coletti. The terms of this special exception contravened those of the prior special exception that was granted to the Redleafs. The prior special exception had meanwhile expired. The proceedings relative to the earlier Redleaf application were incorporated into the record on Coletti's motion. During the hearing Coletti failed to introduce any evidence regarding a substantial change in circumstances in the interval between the two applications.

For purposes of this opinion the term special exception refers to the special exception granted to Coletti. The special exception granted to the Redleafs is termed the prior special exception.

In reviewing by way of certiorari a judgment of the Superior Court rendered pursuant to appeals from zoning board decisions under G.L. 1956 (1980 Reenactment) § 45–24–20, this court applies the "some" or "any" evidence test and reviews the record to determine whether legally competent evidence exists to support the findings of the trial court. Reversal of the judgment of the trial justice is required if this court finds that the trial justice misapplied the law, or that his findings were clearly wrong, or that he misconceived or overlooked material evidence. *Redman v. Zoning and Platting Board of Review of Narragansett*, 491 A.2d 998, 999 (R.I. 1985) We hold that the trial justice misapplied the applicable law in ignoring the doctrine of administrative finality, as set forth by this court on numerous occasions.

■ Where a zoning board hears an application for relief and denies it, the doctrine of administrative finality bars a subsequent application for the same relief ab-

---

**2.** The petitioners Paul Blakeslee and Jane Blakeslee also own property in the immediate vicinity of the proposed building.

**3.** Members of the board are named as additional respondents.

**4.** The board's action with respect to the granting of Coletti's application and its subsequent rescission of approval are not before the court.

sent a showing of a change in material circumstances in the time intervening between the two applications. *Marks v. Zoning Board of Review of Providence,* 98 R.I. 405, 203 A.2d 761 (1964). This is so without regard to whether a land owner has allowed a prior special exception to lapse. Otherwise an applicant, dissatisfied with conditions imposed in connection with the granting of a prior special exception, need only wait until the special exception expires to reapply. This court will not allow a land owner, through the simple expedient of allowing a special exception to lapse, to evade conditions previously imposed without showing a change in circumstances to warrant departure from a prior administrative order. *See* 5 Williams, *American Land Planning Law* § 146.03 (rev. 1985).

■ Coletti argues that the doctrine of administrative finality is inapplicable here because he was not the applicant to whom the original special exception with accompanying restrictions was granted. According to this theory Coletti's application should not be viewed as a successive application and he should not be required to demonstrate that there has been a substantial or material change in circumstances intervening between the two decisions. Whatever vitality this ingenious theory may have had in different factual circumstances is unavailing here. During the January 15, 1985 hearing on Coletti's application for a special exception, Coletti's counsel moved that the prior Redleaf proceedings be incorporated into the January 15 proceeding. The motion was granted by the board, pursuant to its power under § 45–24–19. The attorney stated that his purpose in moving to have the prior proceedings included in the record was to protect Coletti's rights in the event it became necessary to seek further relief. Thus, by his own action Coletti indicated that he viewed the result of the prior proceeding as legally operative. Clearly Coletti was a successor in interest to the Redleafs, bound by the restrictions accompanying the spe-

cial exception issued by the board on December 9, 1982. As a result, Coletti was required to demonstrate the existence of a substantial or material change in circumstances. This he has utterly failed to do. The trial justice, in his decision, mentioned but did not fully consider the impact of the earlier proceeding upon the board's power to remove restrictions accompanying a grant of the prior special exception absent a showing of changed circumstances. As a result of such failure the trial justice misapplied the law, thus mandating reversal. *Redman,* 491 A.2d at 999.

In determining the course of future proceedings relative to the instant dispute we are mindful of our holding in *Nani v. Zoning Board of Review of Smithfield,* 104 R.I. 150, 156, 242 A.2d 403, 406 (1968), that in applying for a special exception an applicant is required to show only that a proposed use will not result in conditions that will be inimical to the public health, safety, morals, and welfare. *See also* Zoning Ordinance of the City of Warwick Appendix A § 1.[5] In approving the prior special exception the board found that such standard has been met as long as the restrictions imposed in connection with the granting of said special exception are adhered to. That order was never appealed from by petitioners or Coletti's predecessors in interest, the Redleafs. We are also mindful that an important goal in the administration of justice is repose. A matter should not be allowed to linger indefinitely. This matter has been litigated since 1982. The board has conducted two hearings and then a third, whose results were correctly disregarded by the board. A trial was conducted before the Superior Court, and an appeal has been heard by this court. In such circumstances we view this matter as one that is appropriate for a rare exercise of our supervisory power. *State v. Saback,* 534 A.2d 1155, 1157 (R.I. 1987); *Cheetham v. Cheetham,* 121 R.I. 337, 342, 397 A.2d 1331, 1334 (1979). Thus we de-

---

**5.** Zoning Ordinance of the City of Warwick Appendix A § 1, provides in part:

"The districts and regulations pertaining thereto as herein set forth are made in accordance with a comprehensive plan for the purpose of promoting health, safety, morals, and the general welfare of the community."

cline to return this matter for an additional hearing before the Zoning Board of Review of the City of Warwick, whose approval is a foregone conclusion under our holding in *Center Realty Corp.*, supra. Instead, we remand to the Superior Court with instructions to enter an order directing respondent, John T. Coletti, to comply with the order issued by said board on December 9, 1982, in the event that he elects to erect a commercial structure having similar characteristics to that sought to be erected pursuant to the special exception here at issue.

Because we hold that the trial justice misapplied the law in rendering judgment for the respondents, we do not reach the other issues of law raised by the petitioners.

The petition for certiorari is granted and the judgment below is quashed.