HAROLD J. BERRY, PROSECUTOR, v. RECORDER'S COURT OF THE TOWN OF WEST ORANGE AND NORMAN L. BRUNDAGE, RECORDER, DEFENDANTS.

Argued January 17, 1940—Decided March 18, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the prosecutor, *Lewis G. Hansen* (*Eric H. Jentz,* of counsel).

For the respondent, *Gerald T. Foley.*

The opinion of the court was delivered by

HEHER, J. *Certiorari* was granted to review the conviction of prosecutor in the Recorder's Court of the town of West Orange upon a complaint charging that on July 15th, 1938, and on "divers other dates thereafter," he "did use a building" known as 405 St. Cloud Avenue, in West Orange, situate "within a Residence 'A' District" delineated in the local zoning ordinance, approved on March 12th, 1935, "for the purpose of stabling horses, and letting horses out to hire, and carrying on and conducting the business of a riding academy," contrary to the provisions of that ordinance; and the primary

question at issue is whether the stated use, conceded to be outside the category of permissible uses in a "Residence 'A' " zone, was saved as a pre-existing nonconforming use under a provision of the ordinance defining such nonconforming use as "any use of a property which does not comply with the regulations of this ordinance for the district in which it is located and which use is not in violation of any ordinance in effect at the time of the enactment of this ordinance." The ordinance contained a repealer of a zoning ordinance adopted on October 20th, 1921; and defendant maintains that, assuming that his particular use of the premises, which commenced in the year 1931, was violative of the earlier ordinance, the effect of the repealer was "to nullify the 1921 ordinance," and therefore, "at the time the 1935 ordinance was adopted, there was no 1921 ordinance and prosecutor, having commenced to use his property in 1931, was clearly entitled to continue the use of his property despite the adoption of the 1935 ordinance." It is said that, if the municipality "wanted to continue in effect the 1921 ordinance," it "could have done so by passing an amendment or supplement to it," or by a " 'saving clause' keeping in force those provisions of the 1921 ordinance it desired to preserve," and that defendant "could not be found guilty in July, 1939, of violating an ordinance which was expressly repealed in 1935."

This reasoning is obviously faulty. It ignores the evident legislative intent. There was no other ordinance extant limiting the use of real property; and the clear design of the cited provision relating to non-conforming uses was to continue the use restrictions embodied in the 1921 ordinance unless expressly excluded from or modified by the new regulations. It was indubitably within the province of the local legislative body to continue the valid limitations of the pre-existing ordinance, and this it did, except as explicitly modified, by language admitting of no doubt of that purpose. Defendant was not charged with a violation of the repealed ordinance, but with a use of the premises prohibited by the ordinance of 1935.

It is to be presumed, in the absence of a revealed contrary intention, that the legislature, in the course thus taken, pur-

posed to substitute the new provisions for the old with no interruption of continuity—to continue the old regulations as modified by the new. It is a secondary rule of construction that in such circumstances, nothing to the contrary appearing, the repealer becomes effective simultaneously with the approval of the new enactment, and that the new provisions are substituted for the old, and are to be considered as a continuance and modification of the old laws rather than as an abrogation of the old statutes and the re-enactment of new ones. *Middleton* v. *New Jersey West Line Railroad Co., 26 N. J. Eq. 269; reversed, sub. nom, Randolph* v. *Larned, 27 Id. 557,* on a ground not affecting this rule; *Freehold Mutual Loan Association* v. *Brown, 29 Id. 121; Pacific Mail Steamship Co.* v. *Jolliffe, 2 Wall. 450; 17 L. Ed. 805.*

But it is also contended, in the alternative, (a) that defendant's "use of the premises was a 'non-conforming use' under the zoning ordinance of 1921;" (b) "The keeping of horses is permitted by the terms of both ordinances;" and (c) "The enforcement of the ordinance of 1935 is harsh and unreasonable."

Depositions were taken by prosecutor under a rule allowed in this proceeding; and it is asserted that it has been thereby established that the particular nonconforming use pre-existed the enactment of the 1921 ordinance, and is therefore within the saving clause of both ordinances, and that, in any event, the presence in the vicinity of "three other stables similar to prosecutor's" would render the enforcement of the existing ordinance unreasonable as to him.

None of these points was made in the proceedings below; and it is therefore not incumbent on us to consider them. Here, *certiorari* performs the office of the common law writ of error only, and is therefore governed by the same principles; and it is the settled procedural rule, applicable to such reviews on *certiorari,* that the appellate court will not take cognizance of a question not raised in the inferior tribunal, unless it be an error of law exhibited on the face of the record or one involving jurisdiction or public policy. *State* v. *Czarnicki, 124 N. J. L. 43; Hoxsey* v. *Paterson, 39 Id. 489; Frank J. Durkin Lumber Co.* v. *Fitzsimmons,*

106 *Id.* 183; *Pennsylvania Railroad Co.* v. *Jersey City,* 47 *Id.* 286. *Compare Mowery* v. *Camden,* 49 *Id.* 106; *State, Danforth. Pros.,* v. *City of Paterson,* 34 *Id.* 163; *Specht* v. *Central Passenger Railway Co.,* 68 *Atl. Rep.* 785; *affirmed,* 76 *N. J. L.* 631; 72 *Atl. Rep.* 356.

Moreover, we find these contentions to be not well founded in fact. There is an evident essential difference between the devotion of lands to farming, with the incidental use of horses in furtherance of that purpose, and the conduct of a riding academy or stable, including as it does the hiring of saddle horses for use on the adjacent highways and bridle paths. And other infringements of the ordinance, if the like uses may be so classified, afford no justification for defendant's violation. One unsuppressed transgression would sustain others, and thus the general regulation would be rendered unenforceable in defiance of the will of the local constituency expressed through its legislative body.

In conclusion, we feel constrained to note that essential practice requirements have been ignored in the entitling of the writ. Necessary parties have been omitted from the endorsement. *State* v. *Hanford,* 11 *N. J. L.* 71; *Griscom* v. *Gilmore,* 15 *Id.* 475; *State, Coar, Pros.,* v. *Mayor and Aldermen of Jersey City,* 35 *Id.* 404; *Zeller* v. *Guttenberg,* 81 *Id.* 305. See, also, rule 15 of this court. But, since no point was made of it, we concluded to consider the merits rather than dismiss the writ for this deficiency.

The judgment of conviction is accordingly affirmed, but without costs.