This appeal brings before the court for review the conviction of the defendant in the Police Court of the Borough of Bradley Beach for violation of section 1, paragraph 5 of "An Ordinance regulating the Size, Number of Buildings and Position Thereof on the Rear of Lots in the Borough of Bradley Beach and Providing a Penalty for the Violation Thereof," adopted June 9, 1931, as amended and supplemented, and for violation of section 9 of the Ordinance of the Borough adopted June 9, 1937, prohibiting certain alterations and changes for the period alleged in the comconverting the same for use by more than one family.
There is substantially no dispute that the defendant did use the first floor of the building in question for purposes other than garage purposes and did alter and change the building for use by more than one family and did continue said alterations and changes in existing buildings or structure plaint; and there is no dispute but that said actions did violate the said ordinance. *Page 132 
As the first reason for reversal defendant-appellant sets up that the trial judge erred in refusing to permit her to introduce proof of violations of a similar nature with that of which she was charged to show that the ordinance was arbitrary and capricious. The evidence was properly rejected. Berry v.Recorder's Court of Town of West Orange, 124 N.J.L. 385
(affirmed, 125 N.J.L. 273), is in point. In that case defendant had been convicted of stabling and letting horses out for hire in a restricted zone. It was asserted that three other stables similarly situated would render enforcement of the existing ordinance unreasonable as to him. Mr. Justice Heher held that other infringements of the ordinance afforded no justification for defendant's violation.
Secondly, the defendant argues as reason for reversal that the ordinances in question are invalid because of an illusory classification. This matter was not a part of the record below and will not be considered on appeal. Schwartz v. Rothman,1 N.J. 206 (Sup. Ct. 1948).
Thirdly, the defendant argues that the trial judge erred in refusing to permit the defendant-appellant to testify as to conversations with the Mayor and Commissioners of Bradley Beach concerning the alterations of the first floor of the rear building from a garage to an apartment. The purpose in asking this question was to show that the defendant-appellant did make inquiry of the Mayor and Commissioners, that they actually visited the apartment and told the defendant-appellant to proceed with the alterations because other properties in the immediate vicinity had been altered in a similar manner, and because there was no objection to such alteration.
The voluntary statements and unauthorized acts of its officials do not bind the municipality. The evidence was properly rejected.31 C.J.S. 418; Home Fuel Oil Co. v. Glen Rock, 118 N.J.L. 340; Giordano v. Dumont, 137 N.J.L. 740.
The judgment of the court below is affirmed. *Page 133