210 A.2d 650.

RICHARD J. KRAEMER *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

JUNE 10, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J.   The zoning board of review of the city of Warwick, after a hearing thereon, denied an application for an exception to the terms of the zoning ordinance pursuant to which the applicant would be permitted to operate a professional or prescription pharmacy, so called, in a building located on land presently zoned for limited business uses. It is not disputed that the building is occupied in part by the offices of medical practitioners, and it is conceded that the operation of a professional pharmacy is not a permitted use in districts zoned for limited business uses. Thereafter, the applicant petitioned for a writ of certiorari to review the decision of the respondent board, and pursuant thereto the pertinent record has been certified to this court.

On a prior occasion the respondent denied an application for a similar exception applying to the same building, seeking permission to operate a professional pharmacy therein. That decision was reviewed by this court by way of certiorari in *Kraemer* v. *Zoning Board of Review*, 98 R. I. 328,

201 A.2d 643. As a consequence thereof this court remanded the cause to the respondent board with direction that it reconsider the application in the light of the opinion filed in the above-cited case.

The exception is now sought specifically under the provisions of sec. 14.2.3 of the ordinance, which reads: "In appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public." It is clear that the ordinance purports to confer upon the board of review a broad power to grant exceptions on the basis of public convenience and welfare. This court, however, considered the effect of this section of the ordinance in *Center Realty Corp.* v. *Zoning Board of Review,* 96 R. I. 76, 189 A.2d 347, and, despite the latitude of the authority granted therein, held that, in effect, it constituted a limitation upon the authority of the board to act affirmatively on any application for an exception thereunder.

This construction of the ordinance is consistent with the view we stated in *Hazen* v. *Zoning Board of Review,* 90 R. I. 108, that ordinance provisions of this nature are, in effect, conditions precedent to the granting of exceptions thereunder. In *Center Realty Corp.* it was our conclusion that when the board of review found that evidence had not established that the exception was necessary for the convenience and welfare of the public, it was finding "inferentially at least, that the exception, if granted, would be contrary to the public convenience and welfare." In our opinion then it is clear that the board of review in the instant case applied a proper test to determine the entitlement of the applicant to the exception applied for.

In the decision in the instant case the pertinent findings were that "the evidence fails to show that the off-street parking facilities are adequate to accommodate the excep-

tion requested" and that the board, "after viewing the premises and taking testimony, finds that the proposed use would be adverse to the convenience and welfare of the public in that traffic congestion and hazards would be created by granting the application * * *." It is clear then that the board, in view of its findings, concluded that it could not exercise affirmatively its authority to grant an exception under sec. 14.2.3. The controlling question then is whether the decision to deny the application is supported by any legally competent evidence, and our inquiry along that line is subject to the rule that this court will not, absent some compelling circumstance, weigh the evidence upon which the board acted. In these cases we will examine the record only to determine whether it contains some legally competent evidence upon which the decision reasonably may rest. *Laudati* v. *Zoning Board of Review*, 91 R. I. 116.

We turn then to the question whether there is in the record any legally competent evidence upon which the board's denial may rest. There is conflicting testimony as to the parking facilities proposed to be provided for the operation of the pharmacy, from which the board could find that the applicant had failed to prove the adequacy of such facilities. Standing alone, however, this evidence is without probative force on the question whether the exception, if granted, would create traffic congestion and result in hazardous highway conditions, the board's ground for denying the application. The question then is whether the record contains other evidence from which the board reasonably could have inferred that the use, if granted, would generate increased traffic in the area with resultant congestion and hazards.

The record discloses the testimony of a former police officer that the area of the proposed use is "highly" traveled. There was also testimony from other witnesses that the area was substantially of a commercial character. A close examination of the record, however, does not disclose any evidence

which tends to prove that the operation of the proposed pharmacy would generate any additional traffic in the area or would congest the traffic that already uses the highways in the area. This absence from the record of evidence susceptible of reasonable inferences that traffic congestion and hazards would result from the use, if granted, in our opinion leaves the decision unsupported by legally competent evidence.

The state of the evidence in this case is similar to that with which we were confronted in *Kelly* v. *Zoning Board of Review*, 94 R. I. 298, 180 A.2d 319, wherein we held that a decision denying the exception therein sought on the ground that, if granted, it would cause congestion and create hazardous traffic conditions was not supported by any legally competent evidence. In *Kelly*, as in the instant case, there was no evidence that a grant of the exception would increase the traffic flow in the area or that traffic congestion, if any, would be intensified. Neither does the record here disclose that the board's inspection of the premises revealed any condition or circumstance upon which it relied in concluding that if the exception were granted, it would result in traffic congestion or hazardous highway conditions. We are constrained then to hold in the instant case that there is in the record no legally competent evidence upon which the denial of the exception reasonably may rest and that the denial was an abuse of the discretion vested in the board.

The petition for certiorari is granted, the decision of the board denying the application is quashed, and the record certified to this court is ordered returned to the board with our decision endorsed thereon.

*Joseph M. Berg*, for petitioner.

*James R. Morriss*, City Solicitor, *Howard R. Haronian*, Assistant City Solicitor, for respondent board.