215 A.2d 418.

MORRIS STALLER *et al. vs.* CRANSTON ZONING BOARD OF REVIEW.

DECEMBER 27, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

JOSLIN, J. This is a petition for a writ of certiorari to review a decision of the zoning board of review of the city of Cranston granting Benjee Realty Inc., hereinafter referred to as Benjee, permission to use a 335,000 square-foot tract of land located in a Dwelling C zone for the construction of a thirty-two unit apartment building. The writ issued and the pertinent records have been certified to this court.

Before proceeding either to the fact or the merits, we first dispose of some of the procedural aspects of the case.

The applicants, Benjee and Antonio Meschino, stated on the printed form of application provided by the board that they relied for relief on sections 27 B and 27 C of the zoning ordinance. There is, however, no section 27 C and section 27 B concerns the office of the deputy or assistant to the inspector of buildings. The applicants undoubtedly intended to rely on sec. 30-28, paragraphs (b) and (c), of the ordinance and their error in designation probably stemmed from an unawareness that some of the sections of the zoning ordinance have recently been renumbered by the city council. See Cranston City Code 1964. The mistake went to form rather than substance and did not prejudice petitioners. *Taft* v. *Zoning Board of Review*, 76 R. I. 443. In the circumstances, we consider the application as if the section relied on were 30-28, paragraphs (b) and (c).

An additional difficulty suggested by petitioners is that the board in its decision referred only to the corporate and not to the individual applicant. Because of the view we take of the case, we disregard that defect, if indeed it be one, and consider the decision as if the board had in fact granted the requested permission to both applicants.

The final procedural problem arises because the board granted both an exception and a variance. Although recently in *Titus* v. *Zoning Board of Review*, 99 R. I. 211, 206 A.2d 630, we indicated doubt as to the validity of that practice, we will nonetheless, without intending thereby to recede from the view expressed in *Titus*, pass on both aspects of the decision.

We turn now to the merits. The applicants are the owners of separate but adjoining parcels of real estate which if considered as a single tract has an area of approximately 12 acres. They jointly applied for a variance or exception for the southeasterly 335,000 square feet of their combined real estate holdings and hereinafter any reference to their holdings or land will be to the smaller parcel. The front portion of their land abuts on Pontiac avenue and is owned by Ben-

jee and title to the rear part, which has no direct access to a public highway, is in Meschino and his wife. Neither applicant has any right, title or interest in the land of the other. And the evidence as to whether Meschino's stock interest in Benjee, and it is doubtful whether he has any, is so self-contradictory, indefinite and inconclusive as to preclude a finding that the two applicants in fact constitute but a single interest.

The petitioners, who are the owners and occupants of a residence in the neighborhood and one of whom appeared as a remonstrant at the hearing before the board, first contend that the applicants were without legal standing to apply for an exception or a variance for the reason that neither had any right, title or interest in *all* of the land to which the application related. They rely on *Tripp* v. *Zoning Board of Review,* 84 R. I. 262, where we held that a person without any incident of ownership in a parcel of land cannot be deprived of its beneficial use. *Tripp* followed *Dimitri* v. *Zoning Board of Review,* 61 R. I. 325, and has since been followed in *Parise* v. *Zoning Board of Review,* 92 R. I. 338, and *Cranston Jewish Center* v. *Zoning Board of Review,* 93 R. I. 364.

In our judgment the contention is sound at least as it relates to a variance. Because the propriety of the grant of an exception can be determined on another ground, we refrain from expressing any view as to whether the applicants had standing to seek that kind of relief.[1] Here we have a large tract of land, a portion of which is owned by one applicant and the remainder by the other. There is evidence, to be sure, that the costs of developing the combined parcel are so prohibitive as to have the practical effect of removing the

---

[1]Note, however, that in *Dunham* v. *Zoning Board,* 68 R. I. 88, we said in dicta that an optionee claiming under a contract for the purchase and sale of real estate which is not mutually binding did not have the kind of legal interest necessary to support an application, in its own right, for a special exception.

land from the market for residential purposes. There is nothing, however, in the record establishing that each applicant would be deprived of all beneficial use of his or its individual holding if restricted to developing it for residential purposes.

With the record in this state, for us to uphold the board would be to indulge in the anomaly of permitting Benjee, which by hypothesis has not established entitlement to a variance for its separate tract, to obtain that result by resort to the expedient of joining in an application therefor with the owner of an abutting parcel. If we were to permit such a result to stand we would do violence to established zoning concepts and would license the accomplishment by indirection of that which the applicant could not directly achieve. Because the record will not support a finding that a literal enforcement of the ordinance will result in unnecessary hardship to both applicants it was an abuse of the board's discretion to grant a variance.

Turning next to the question of the propriety of the grant of an exception, the record discloses that the surrounding neighborhood is "a nice residential area" and "a very lovely residential area." The nearest commercial building is several blocks distant and the only buildings in the immediate vicinity are one-family residences.

On its facts this case bears a marked similarity to *Harte v. Zoning Board of Review,* 80 R. I. 43. In that case the board granted an exception permitting the construction of a supermarket and parking lot on a large tract of land located in a residential district and in a neighborhood which, with the exception of a single nonconforming use, consisted of one-family dwelling houses and lots platted for that purpose. There, as here, the ordinance conferred discretion upon the zoning board to permit *any use or building* which in its judgment would substantially serve the public convenience and welfare, would not substantially or permanently injure

the appropriate use of neighboring property, and would be in harmony with the character of the neighborhood and appropriate to the uses or buildings permitted in the district.

Assuming the validity of a provision of such apparent embracing comprehensiveness, and it has escaped challenge here, its vice, we said in *Harte*, lies in the possibility that a zoning board may by a literal reading find therein a discretionary power to effect substantial changes in the zoning lines established by the local legislature as part of a comprehensive plan.

In our judgment the board here read the ordinance literally and exceeded its power by permitting this extensive tract of unimproved land located in a residential neighborhood and containing only conforming uses to be utilized for a purpose not contemplated by the city council when it fixed the zoning lines. If we were to sanction such a result, we would be permitting the board to establish a multiple-dwelling area in a neighborhood restricted by law and in fact to single-family dwellings.

That the board found the construction of a thirty-two unit apartment building to be in harmony with the character of the neighborhood is without significance in the face of this record and constitutes nothing more than its value judgment as to the desirability in the planning sense of commingling multi-family with single-family dwellings. Under the enabling legislation, G. L. 1956, §45-24-2, the power to make that judgment was vested exclusively in the city council.

Although we pointed out in *Gallagher* v. *Zoning Board of Review*, 95 R. I. 225, 186 A.2d 325, that exceptions should not be freely granted if the area of land involved is unusually extensive, it is not the size alone of the applicants' tract upon which we ground our conclusion. See *Dunham* v. *Zoning Board*, 68 R. I. 88; *Bergson Co.* v. *Zoning Board of Review*, 92 R. I. 226. We consider also the neighborhood con-

ditions. If, as in *Gallagher,* the evidence were that the neighborhood was not exclusively residential and that the use to which the land was presently being put was non-conforming and more obnoxious than the use proposed, then notwithstanding the extensiveness of the land involved, it might have been appropriate for the board to grant an exception. There are, however, no *Gallagher* circumstances in this case. It is, therefore, our judgment that in granting an exception the board was in effect determining that the property was improperly zoned. That determination was for the city council. For the board to presume to make it was an abuse of discretion.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified are ordered returned to the respondent board with our decision endorsed thereon.

PAOLINO, J., concurs in the result.

*Robinson & Mascia, Shayle Robinson, Joel Robinson,* for petitioner.

*Jeremiah A. Jeremiah, Jr.,* First Assistant City Solicitor, for respondent.