221 A.2d 111.

JOSEPH C. MOULTON *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

JUNE 27, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review a decision of the respondent board denying the petitioners' application for a special exception for permission to erect a funeral home on land located in a residence district. The writ issued and pursuant thereto the pertinent records have been certified to this court.

The petitioners own a parcel of land on Main avenue in the city of Warwick in an area zoned "Residence A-7," a one-family district in which funeral homes are not permitted uses. They plan to sell the premises to a prospective purchaser for use as a funeral home.

The narrow question presented for our determination is whether there is any competent evidence to support the board's finding that the proposed use is not reasonably necessary for the convenience and welfare of the public.

The parties conceded at the hearing before us that this application was treated by them as one for an exception under sec. 14.2.3 of the zoning ordinance, vesting in the board authority "In appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public."

Since a determination of the stated question is dispositive of this case, we shall confine our discussion to the evi-

dence relating thereto. The petitioners presented evidence to show that a need existed for another funeral home in this area. The remonstrants presented evidence that there were two funeral homes within a mile and that there was no shortage of funeral homes in the area.

After the hearing the board denied the application on the ground that the proposed use was not reasonably necessary for the convenience and welfare of the public. The petitioners contend that the decision is not supported by competent evidence, that they have sustained their burden of showing that the requested exception is reasonably necessary for the convenience and welfare of the public, and that consequently the board abused its discretion.

In our judgment the record does not support petitioners' position. Whether the exception is reasonably necessary for the convenience and welfare of the public is a question of fact. *Durfee* v. *Zoning Board of Review*, 94 R. I. 316, 319. If there is any competent evidence in the record to support the board's finding on this issue, absent some compelling circumstance, we will not disturb its decision. *Kraemer* v. *Zoning Board of Review*, 100 R. I. 20, 23, 210 A.2d 650, 652. The evidence on this question is in direct conflict, the interested parties having presented evidence to support their respective positions. We do not ordinarily weigh the evidence; that is the function of the board in the exercise of its discretionary power. *Champagne* v. *Zoning Board of Review*, 99 R. I. 283, 287, 207 A.2d 50, 52.

Since there is competent evidence to support the board's finding, and inasmuch as there is no compelling reason for us to depart from our well-established rule on certiorari, we do not disturb the board's decision. *Laudati* v. *Zoning Board of Review*, 91 R. I. 116.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified

to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*Gallogly, Beals, Tiernan & Sweeney, Robert O. Tiernan,* for petitioners.

*James R. Morriss,* City Solicitor, *Howard R. Haronian,* Assistant City Solicitor, for respondent.