390 A.2d 382.

GEORGE DEAN *et al. v.* ZONING BOARD OF REVIEW OF
THE CITY OF WARWICK *et al.*

AUGUST 22, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.    This is a petition for certiorari to review a Superior Court judgment sustaining the action of the Board of Review of the City of Warwick (the board) in granting the application of George H. Dean, Inc.[1] for an exception from the Warwick Zoning Ordinance. The writ issued, and pursuant thereto, all records pertinent to the matter have been certified to this court.

The applicant George H. Dean, Inc. is the owner of a certain parcel of land situated at 2095 Elmwood Avenue and designated as lots numbered 469 and 673 on tax assessor's plat No. 296. It is located in a "heavy commercial" district in which manufacturing and warehousing activities are not permitted uses.[2] The applicant was incorporated in 1929 to engage in the manufacture and storage of steel columns. In 1957 an amendment to the Warwick Zoning Ordinance placed the applicant's lots in a "heavy commercial" zone, thereby rendering the applicant's use of lots numbered 469 and 673 at its Elmwood Avenue site a nonconforming use under section 4. Since then the applicant has continued in the manufacture and storage of columns of various materials and has added warehousing of these columns to its business activities as well. Presently it manufactures filled and unfilled concrete columns, and it is also starting to manufacture stainless steel and light wall tubing.

In 1975 due to the growth of its business, the applicant

---

[1]The record does not indicate any legal relationship between the petitioner George Dean and the applicant George H. Dean, Inc.

[2]Warwick Zoning Ordinance §§6.1.4, 6.2.2.

desired to make two additions to its existing building: one on the northern side, and the other, a smaller addition, on the southern side. The proposed use of the northern addition was warehousing and that of the southern addition was warehousing and manufacturing. Both additions violated the minimum setback requirements of the ordinance, as well as its prohibition against the extension of a non-conforming use. In a "heavy commercial" zone such as the one where the applicant's lots are located, the minimum front-yard and side-yard setbacks under sections 6.7.4 and 6.8.4 are 45 feet. The proposed northern addition would leave a front-yard setback of 12 feet from Elmwood Avenue and would entirely eliminate the side-yard setback from lot No. 475, with which it would be contiguous. The proposed southern addition would not violate the front-yard setback from Elmwood Avenue but would eliminate the side-yard setback from lot No. 615, with which it would also be contiguous.

On August 21, 1975, the applicant applied to the board for an exception or variance from the use limitations of section 6.2.4 and the setback reqirements of sections 6.7.4 and 6.8.4 in order to extend its nonconforming use to accommodate the increasing demands of its business. Following proper notice to abutting and interested landowners, a hearing on the application was held by the board on September 24, 1975.

The petitioners appeared as remonstrants at the hearing. The petitioners George and Cora Dean own and reside on lot 615 which abuts the southern and part of the eastern sides of the applicant's parcel. The petitioner Joyce Heathcote owns and resides on lot 475, which abuts the northern side of the applicant's parcel. The proposed additions are to be built right up to the property lines between applicant's parcel and lots 615 and 475. These remonstrants are concerned about the effect of the proposed additions on their residences, which are themselves nonconforming uses in a "heavy commercial" zone.

At the hearing, evidence was adduced that while the

applicant has always engaged in some storage of its products, since 1970 it has become specifically engaged in warehousing, and is now possibly the largest warehouse in Rhode Island for the storage of tubing pipe. To accommodate its increased storage needs, the applicant now leases lots 18 and 672 across the street from its premises. Although the applicant has always stored its tubing outside, it now requires additional warehouse space because it is now manufacturing stainless steel and light wall tubing which cannot be exposed to the elements. After stating that it had heard the testimony and viewed the premises and the surrounding area, the board found that while the applicant had not satisfied the requisite standard for a variance, it had sustained the burden of proof for a special exception.

On November 24, 1975, petitioners filed a complaint in the Superior Court pursuant to G.L. 1956 (1970 Reenactment) §45-24-20, seeking a reversal of the board's decision. The Superior Court justice dismissed the appeal on July 1, 1976, after finding that the board had jurisdiction to grant the special exception and that the findings of the board were supported by competent evidence. We granted certiorari on September 9, 1976.

The petitioners' first contention is that the board exceeded its jurisdiction in granting the special exception because it derived its power to act under section 14.2.3 of the zoning ordinance, which ordinance is an unlawful delegation of power to the board by the town council. However, the record indicates that the claim of improper delegation was not raised by petitioners in the complaint citing their reasons of appeal to the Superior Court,[3] and therefore there is grave doubt whether this issue is properly before us, even though raised in the petition for certiorari. It is not incumbent upon

---

[3]General Laws 1956 (1970 Reenactment) §45-24-20 provides in pertinent part that on appeal from a zoning board of review, the Superior Court may review the decision of the zoning board "if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are * * * in violation of constitutional, statutory or ordinance provisions * * *."

an appellate court to consider a question not raised in the lower tribunal unless it be an error of law exhibited on the face of the record or one involving public policy. *Berry* v. *Recorder's Court*, 124 N.J.L. 385, 11 A.2d 743, *aff'd*, 125 N.J.L. 273, 15 A.2d 758 (1940); *see New York Dock Co.* v. *Steamship Poznan*, 274 U.S. 117, 47 S. Ct. 482, 71 L. Ed. 955 (1927); *Ledgering* v. *State*, 63 Wash.2d 94, 385 P.2d 522 (1963); 14 Am. Jur.2d *Certiorari* §63 (1964). This principle is consistent with our holding in *Gradilone* v. *Superior Court*, 79 R.I. 256, 87 A.2d 497 (1952), where we stated that even constitutional questions not raised in the lower court will not be considered for the first time on certiorari.

Even if petitioners' delegation challenge were properly before us, we would conclude that it is without merit. We have previously held that the language "reasonably necessary for the convenience and welfare of the public" in section 14.2.3[4] of the Warwick Zoning Ordinance constitutes a sufficient limitation upon the authority of the board to act affirmatively on an application for an exception. *Kraemer* v. *Zoning Board of Review*, 100 R.I. 20, 210 A.2d 650 (1965); *Center Realty* v. *Zoning Board of Review*, 96 R.I. 76, 189 A.2d 347 (1963); *see* 3 Anderson, *American Law of Zoning* §1909 at 376, 378 (2d ed. 1977).

The petitioners also contend that the board's finding that the proposed additions would not be inimical to the public health, safety, morals or welfare is unsupported by any competent legal evidence. We agree, not for the reasons cited by petitioners in their brief, but for those reasons set forth in our decision in *Sun Oil* v. *Zoning Board of Review*, 105 R.I. 231, 251 A.2d 167 (1969), which we regard as controlling on this issue. In that case a property owner sought to raze a gas station currently operated as a nonconforming use under the

---

[4]Under section 14.2.3 the board is authorized "[i]n appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public."

Warwick Zoning Ordinance and to replace it with a larger, modern gas station which would also violate the setback requirements. We held that where an applicant is seeking an extension of a nonconforming use as well as a relaxation of the area restrictions, the lesser burden of proving a deviation from area restrictions first enunciated in *Viti* v. *Zoning Board of Review*, 92 R.I. 59, 166 A.2d 211 (1960) does not apply. The applicant must sustain the burden of proof for a special exception to each relaxation of the ordinance requirements, both as to area and as to use. To satisfy the burden of proving a special exception from the setback requirements in this case, the applicant must establish that the placement of the proposed additions right up to the property lines of the adjacent lots 615 and 475 rather than 45 feet away from them will not result in conditions which will be inimical to the public health, safety, morals and welfare.

The record before us reveals that the only witness who alluded in any way to the effect of the violation of the setback requirements by the proposed extensions was applicant's real estate expert, Mr. Sheldon E. Rodman. On direct examination he testified in general terms that the proposed additions would not have an adverse effect on the surrounding community or substantially change its character. On cross-examination, however, he was questioned specifically concerning the effect of the violation of the side-yard requirements on lot 615:

> "Q. And the proposed addition would bring that building right up to the lot line?
> "A. Right.
> "Q. And is it your testimony that that would enhance the value of 615; would it bring the building right up to the lot line?
> "A. I don't think that with the present zoning of lot 615, it would have a depreciating effect. This area here is above street level. (Indicated.) It's a hill over here, but you have to get access through the area to this lot. (Indicated).

"Q. From the point of view of the resident of lot 615, don't you agree that the extension of that building and the lot line would make the lot less valuable for residential purposes?

"A. That's the whole point, it's not zoned for residential purposes.

"Q. But it's being —

"A. Used for residential — I don't think it would have an adverse effect for a heavy commercial use.

"Q. But for a residential use, it would?

"A. It all depends on what went on within the walls of that building.

"Q. Suppose it were fabricating steel columns?

"A. If the noise level or there wasn't any smell — I would say if the noise level was held at a certain point, I would say it did not have an adverse effect."

No evidence appears in the record concerning the noise level of the proposed use, nor is there a description of the activity "within the walls" more detailed than "warehousing" or "fabrication." Consequently, we can perceive no sufficient basis for the drawing of Mr. Rodman's conclusion. Indeed, his opinion as to the effect on neighboring properties is so highly tentative as to be lacking in probative force.

Keeping in mind that on a petition for certiorari we review the record to determine the presence of competent legal evidence to support the findings of the tribunal below, *A.T. & G., Inc.* v. *Zoning Board of Review*, 113 R.I. 458, 322 A.2d 294 (1974), and that the burden is on the applicant to prove entitlement to an exception, *Caldarone* v. *Zoning Board of Review*, 95 R.I. 485, 187 A.2d 924 (1963), we are unable to find sufficient evidence concerning the effect of the relaxation of the minimum side and front-yard setback requirements of each proposed addition on the public's health, safety, morals and welfare. This failure is fatal to the applicant's petition. It is therefore not necessary to consider the other issues raised by the petitioners.

The petition for certiorari is granted. The judgment of the Superior Court is quashed, and the records certified to this court are hereby remanded to the Superior Court with our decision endorsed thereon.

*Saunders & Torres, Albert D. Saunders, Jr.,* for petitioners.

*Thomas L. McDonald,* Assistant City Solicitor, *A. William Gelfuso, Paul A. Sassi,* for George H. Dean, Inc., respondents.