[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The plaintiffs have appealed from a January 24, 1990 decision of the Zoning Board of Review of the City of Providence granting the petition of Tri-State Displays, Inc., (Tri-State) for relief from certain use and height restrictions. Jurisdiction over this matter is pursuant to Rhode Island General Laws § 45-24-20
(1988).
The Providence and Worcester Railroad Company (PW) originally owned certain property located at 933 Elmwood Avenue, described as Lot 102 on Assessor's Plat 88 (Lot 102). By a deed dated May 23, 1983, PW conveyed to Tri-State the "permanent right, privilege, and easement in perpetuity to install, construct, use [and] maintain . . . outdoor advertising devices or billboards" on the property. On August 7, 1985, PW deeded Lot 102 to the City of Providence, subject to both PW's retained easement to conduct railroad operations on the property and Tri-State's prior easement to use the property for billboards or advertising devices.
Lot 102 is divided by a zoning boundary line into two separate zones. A review of the Assessor's Map indicates that a significant portion of Lot 102, with frontage on its northern boundary on Elmwood Avenue, lies in a C-2 zone, while the remaining portion of the lot is zoned M-1. A November 29, 1989 letter from the City of Providence Department of Planning and Development confirms that approximately fifty-five percent (55%) of Lot 102 is located in a C-2 zone. The Assessor's Map also indicates that state highway excess land abuts Lot 102 immediately to the west.
In an application dated November 7, 1989, Tri-State petitioned the Zoning Board of Review of the City of Providence for relief from use and height restrictions. Tri-State desires to erect a billboard pursuant to its rights under the 1983 easement. At a November 29, 1989 zoning board meeting, the board heard testimony from Tri-State and various objectors relative to Tri-State's variance petition. Tri-State representatives testified that ninety percent (90%) of Lot 102 lies in an M-1 zone, in which billboard advertising is a permitted use. (Transcript at 2). Tri-State's representatives further testified, without expert opinion, that the proposed billboard's impact on the surrounding community would be "close to nil." (Transcript at 8). Tri-State's primary contention is that it is entitled to erect the billboard because the proposed site is within the M-1 zone.
The zoning board also heard testimony from several objectors who were adamantly opposed to the proposed billboard. The objectors, including Pat Dosreis, Vice-President of the South Elmwood Neighborhood Association, and Nancy Derrig, Superintendent of Parks, testified that the proposed billboard would be detrimental to both the surrounding community and Roger Williams Park. (Transcript at 8-12). Notwithstanding the objectors' concerns, the zoning board found that the proposed billboard would not substantially or permanently injure neighboring property. (Zoning Board of Review: Resolution No. 7148).
On January 24, 1990, the zoning board granted Tri-State's petition for a variance. The board first found that billboard usage was permitted on approximately ninety percent (90%) of the subject property and that no other building could be constructed on the property because PW has a perpetual easement and license to use the property for railroad operations. The board found that since erection of a billboard was the only reasonable use for the property, to deny the requested variance would deprive the applicants of all beneficial use. With respect to Tri-State's request for relief from height restrictions, the board further concluded that to deny a variance from the height restrictions would have an adverse impact amounting to more than a mere inconvenience.
Plaintiffs, residents of the City of Providence, appealed the zoning board's decision to this Court pursuant to § 45-24-20. Plaintiffs have raised various issues on which they premise their argument that the zoning board's decision should be reversed. The issues now before this Court include: whether Tri-State needed a true variance for relief from both use and height restrictions; whether the zoning board erred in applying the Viti-variance standard to the height restrictions; whether the zoning board erred in concluding that denial of the variance would result in a deprivation of all beneficial use of the property; whether the board's findings are supported by substantial evidence in the record; and whether Tri-State had standing to bring the petition for a variance.
Superior Court review of a zoning board decision is governed by Rhode Island General Laws § 45-24-20(d)(1988), which provides in pertinent part:
 45-24-20. Appeals to Superior Court.
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are: (1) in violation of constitutional, statutory, or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error or law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing an appeal from a zoning board decision, the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). Substantial evidence as used in this context refers to such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, in an amount more than a scintilla but less than a preponderance. Caswell v. GeorgeSherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981).
Since a party's standing to initiate legal proceedings is ordinarily a threshhold issue, this Court shall first address plaintiffs' allegation that Tri-State was without standing to bring its petition for a variance before the zoning board. Plaintiffs, while acknowledging that Tri-State's easement provides it with an interest in the entire parcel, allege that Tri-State is without standing because the City of Providence, the true owner of the subject property, was not named in the variance petition. This argument is entirely without merit. Our Supreme Court has held that standing to obtain relief from zoning restrictions is conferred upon those parties who have some right, title, or interest in the land. Packham v. Zoning Board ofReview of Cranston, 103 R.I. 467, 471, 238 A.2d 387, 389 (1968). The party applying for the variance must have some right, title or interest in the entire parcel to which the application is related. See Staller v. Cranston Zoning Bd. of Review,100 R.I. 340, 342, 215 A.2d 418, 419 (1965).
It is well-established that an easement is an interest in the land capable of being created and transferred. Ham v. MassasoitReal Estate Co., 42 R.I. 293, 107 A. 205, 208 (1919). Since Tri-State's easement, coupled with plaintiffs' acknowledgment, clearly establishes that Tri-State had an interest in the entire parcel, this Court is satisfied that Tri-State had sufficient standing to bring the application for a variance. Tri-State's failure to join the City of Providence to the variance petition is not determinative of the standing issue.
Plaintiffs next argue that since Lot 102 properly falls under the C-2 zoning restrictions, Tri-State must prove that it is entitled to a true variance for both the use and height restrictions. Because Lot 102 straddles two different zones, we must turn to § 32 of the zoning ordinance to determine the applicable zoning classification. Section 32 provides in pertinent part:
 Where the boundary line of a zone divides a lot so that at least 50 percent of its frontage is on a street in the less restricted zone the provisions of this Ordinance covering the less restricted portion of the lot may extend to the entire lot, but in no case for a distance of more than 30 feet. Where the boundary line of a zone divides a lot having frontage only on a street in a more restricted zone, the provisions of this Ordinance covering the more restricted portion of such lot shall extend to the entire lot.
A review of the Assessor's Map clearly indicates that Lot 102 is divided into two different zones. The northern boundary of Lot 102 lies in a C-2 zone and fronts Elmwood Avenue. On its western boundary, Lot 102 abuts state highway excess land. The map clearly shows that Lot 102 has frontage only on Elmwood Avenue. Notwithstanding the clear and unambiguous depiction of the Assessor's Map, Tri-State argues that Lot 102 not only fronts Elmwood Avenue to the north, but Interstate 95 to the west.
Our Supreme Court has defined frontage as the extent of a lot abutting a street. Snyder v. Zoning Board of Westerly,98 R.I. 139, 142, 200 A.2d 222, 224 (1964). Since Lot 102 immediately abuts state highway excess land on its western boundary rather than Interstate 95, this Court is convinced that Lot 102 has frontage only on Elmwood Avenue. Because Lot 102 has frontage on only one street, the latter sentence of the above-quoted portion of § 32 controls this Court's determination of the applicable zoning classification.
The portion of § 32 applicable hereto provides that where a zone boundary line divides a lot having frontage only on a street in the more restrictive zone, the provisions relative to the more restrictive zone shall extend to the entire lot. In the instant action, Lot 102 fronts Elmwood Avenue in the C-2 zone. Although Tri-State proposes to erect the billboard on a portion of the property technically zoned M-1 (where billboards are a permitted use), § 32 specifically requires that Tri-State comply with the restrictions applicable under the C-2 zoning classification (where billboards are not a permitted use.)
It is clear that the proposed billboard is a nonpermitted use in the C-2 zone. When a landowner proposes to use property for a purpose not otherwise permitted, a variance must first be obtained upon a showing that denial of the variance would deprive the landowner of all beneficial use of the property. Gara Realtyv. Zoning Board of Review, 523 A.2d 855, 858 (R.I. 1987). Under the Viti rule, a landowner is entitled to relief from restrictions governing a permitted use upon a showing that denial of the requested relief would have an adverse impact amounting to more than a mere inconvenience. Felicio v. Fleury,557 A.2d 480, 482 (R.I. 1987). Application of the Viti rule, however, is specifically limited to situations where literal enforcement of zoning restrictions would deprive a landowner of an opportunity to devote the property to a permitted use. Sun Oil Co. v.Zoning Bd. of Review, 105 R.I. 231, 234, 251 A.2d 167, 169 (1969). The Viti rule has never been applicable where the landowner seeks both a relaxation of area restrictions and a variance for a nonpermitted use. Id. Where applicants seek relief from both area and use restrictions they must satisfy the more stringent standard applicable to obtaining a true variance.See Dean v. Zoning Bd. of Review, 120 R.I. 825, 830,390 A.2d 382, 385 (1978); Health Havens, Inc. v. Zoning Bd. of Review,101 R.I. 258, 263, 221 A.2d 794, 797-98 (1966).
In the instant action, the zoning board properly recognized that Tri-State needed a true variance to erect the billboard on Lot 102 since billboards are not otherwise permitted in the C-2 zone classification. In accordance with the standards applicable to true variances, the board found that to deny Tri-State's petition would deprive it of all beneficial use of the property, thereby entitling Tri-State to relief from the C-2 use restrictions. In a separate paragraph, the zoning board addressed Tri-State's request for relief from the height restrictions. The board, however, incorrectly applied the Viti standard in assessing Tri-State's entitlement to relief from the height requirements, finding that denial of such relief would have an adverse impact amounting to more than a mere inconvenience. Since case law plainly requires the zoning board to authorize relief from both use and area restrictions only upon a showing of deprivation of all beneficial use, the board's finding that Tri-State was entitled to relief from the height restrictions was clearly affected by error of law.
Plaintiffs further allege that the board's findings are not supported by substantial evidence in the record. The findings primarily at issue support the board's conclusions that Tri-State would be deprived of all beneficial use of the property if the board denied the use variance petition. The pertinent portions of these findings include:
. . . [a]ccordingly, billboard usage is permitted in almost 90% of the lot (M-1 zone) . . . No building can be constructed on the premises due to the fact that [PW] has a perpetual easement and license to use the property. The construction of a billboard is the only use to which the property can reasonably be put.
The zoning board's conclusion that billboard usage is permitted on almost ninety percent (90%) of Lot 102 is entirely unsupported by substantial evidence. Other than the testimony of Tri-State's representatives, the record is devoid of expert testimony or other evidence which supports this conclusion. Contrarily, even a cursory review of the Assessor's Map clearly reveals that the area of Lot 102 is approximately evenly separated into zones C-2 and M-1. Moreover, the zoning board completely disregarded a letter from the City of Providence Department of Planning and Development which specifically stated that "[Lot 102] contains 26,381 square feet of land and approximately 55% of it is located within a C-2 General Commercial Zone."
The board further concluded that no building could be constructed on the premises since PW owned a perpetual easement and license to use the property. After thorough review, however, this Court is unable to locate any evidence or testimony in the record which precludes further construction on the property. While PW's retained easement permits it to continue railroad operations and all other activities ancillary thereto, it in no way restricts the City of Providence from using the property in any way which does not interfere with PW's railroad operations. Tri-State has presented no evidence upon which the zoning board could conclude that the PW easement precluded the construction of any and all buildings on the property.
The board's final factual finding relative to its decision to grant a use variance was that the proposed billboard is the only use for which Lot 102 may be reasonably utilized. Again Tri-State has presented no evidence, not even testimony from its own representatives, to support the board's conclusion that erection of a billboard is the only reasonable use of the property. On the contrary, the property is perfectly suitable for railroad operations and other related activities.
When reviewing a zoning board decision, the trial justice must examine the entire record to determine whether substantial evidence exists to support the board's findings. Toohey v.Kilday, 415 A.2d 732, 735 (R.I. 1980). After a complete review of both the entire record and the parties' memoranda, this Court is convinced that the Zoning Board of Review of the City of Providence was without substantial evidence to conclude that ninety percent (90%) of Lot 102 lay in an M-1 zone, that PW's perpetual easement precluded further building on the property, or that a billboard is the only use for which Lot 102 could be reasonably utilized.
This Court also finds that Tri-State possessed the necessary standing to bring its petition for a variance. This Court finds that since Lot 102 has frontage only on Elmwood Avenue, § 32 of the Zoning Ordinance of the City of Providence mandates that the C-2 zoning restrictions apply to the entire parcel. Since billboards are nonpermitted uses under C-2, Tri-State is entitled to a true variance only after establishing that denial of relief from both the height and use restrictions would deprive it of all beneficial use of the property. This Court further finds that the Zoning Board of Review of the City of Providence applied an incorrect legal standard in determining that Tri-State was entitled to a variance from applicable height restrictions, causing the decision to be affected by error of law. With respect to the board's findings relative to Tri-State's entitlement to a use variance, this Court is convinced that the board's decision was not supported by substantial evidence in the record. Accordingly, the decision of the Zoning Board of Review of the City of Providence is hereby reversed.
Counsel shall prepare an order for entry within two weeks.