309 A.2d 20.

SEA VIEW CLIFFS, INC., AND MOBIL OIL CORPORATION *vs.*
ZONING BOARD OF REVIEW OF THE TOWN OF
NORTH KINGSTOWN *et al.*

AUGUST 22, 1973.

PRESENT: Roberts, C. J., Paolino. Kelleher and Doris, JJ.

DORIS, J. This is a petition for certiorari to review a
Superior Court order entered on December 6, 1971, sus-
taining in part and denying in part an appeal from a
decision of the Zoning Board of Review of the Town of
North Kingstown, denying a petition for an exception to

the zoning ordinance to erect a gasoline filling station. A statement of the facts and the travel of the case will be helpful to understand the problems involved.

On April 14, 1970, Sea View Cliffs, Inc. and Mobil Oil Corporation filed a petition for an exception or variance to the zoning ordinance of the town of North Kingstown. The zoning board of review refused to hear the petition on the ground that there was no proper notice given. The applicants filed a new petition on May 8, 1970, which sought to erect a gasoline filling station on the land of one of the applicants, Sea View Cliffs, Inc., located on Boston Neck Road in North Kingstown, which land was zoned business "D" on which a gasoline filling station was then a permitted use. The zoning ordinance of the town, however, required that in order to store over 500 gallons of gasoline a variance must be obtained from the zoning board of review. The applicants, seeking to store over 500 gallons of gasoline, filed the instant petition. On May 7, 1970, the applicants had received a building permit to erect a gasoline filling station from the building inspector of the town. This permit was under the authority of the existing building ordinance. On June 8, 1970, the town council of North Kingstown amended the zoning ordinance under the terms of which requirements were established for minimum frontage depth area and set-backs of public garages and filling stations. On June 9, 1970, the zoning board held a hearing on the applicants' petition for an exception, at which time counsel and witnesses were heard. The applicants, after being informed of the amendment to the zoning ordinance, chose to have the petition heard based on the zoning ordinance as it existed before the amendment and relying on the building permit that had been granted by the building inspector. They based their argument on the theory that they had made a substantial expenditure on the property involved. The meet-

ing was continued to August 9, 1970. On June 10, 1970, the applicants' building permit was revoked by the building inspector for reasons not contained in the record. On August 9, 1970, at the adjourned meeting of the zoning board, the board denied the petition of the applicants for an exception to the zoning ordinance.

The applicants, under the provisions of G. L. 1956 (1970 Reenactment) §45-24-20, appealed the decision of the zoning board to the Superior Court. At the hearing in the Superior Court, there was no testimony offered, but the minutes of the hearing before the board, together with a copy of the zoning ordinance of the town of North Kingstown and minutes of the meetings of the town council of North Kingstown, were introduced into evidence.

The Superior Court justice filed a decision on November 10, 1971, wherein the appeal of the applicants was sustained in part and denied in part. An order was entered embodying the terms of the decision on December 6, 1971.

I

The remonstrants originally filed an appeal from the order of the Superior Court, and thereafter filed a petition for a writ of certiorari. The writ was ordered issued subject to the right of the applicants to challenge at a hearing on the merits the right of this court to issue the writ.

The applicants, renewing their objection to the issuance of the writ, contend that the remonstrants have not followed the ordinary procedure[1] for the issuance of the prerogative writ of certiorari and argue that since the procedure has not been complied with the court should not

---

[1]The procedure as enumerated in *Bassi v. Zoning Board of Review,* 107 R. I. 702, 271 A.2d 210 (1970), is by moving for leave to file a petition for a prerogative writ of certiorari. Here, because of the confusion among members of the bar as to the proper method to obtain review in zoning cases following the amendment of the statute, we have not demanded strict compliance with the *Bassi* rule.

issue the writ. The record reveals that the remonstrants are abutting land owners to the parcel for which an exception was sought by the applicants. It also shows a concern by the remonstrants of the method to be used by applicants for the disposal of sewage as it would affect the remonstrants' property. While it is true that the established procedure has not been strictly complied with by the remonstrants, they have alleged abuses and error and have demonstrated clearly that they are aggrieved parties whose property rights are affected and who have no other remedy prescribed by law. *See Hester* v. *Timothy*, 108 R. I. 376, 275 A.2d 637 (1971); *Hassell* v. *Zoning Board of Review*, 108 R. I. 349, 275 A.2d 646 (1971); *Bassi* v. *Zoning Board of Review*, 107 R. I. 702, 271 A.2d 210 (1970); *DiIorio* v. *Zoning Board of Review*, 105 R. I. 357, 252 A.2d 350 (1969); *Paterson* v. *Corcoran*, 100 R. I. 475, 217 A.2d 88 (1966).

We are, therefore, persuaded that the writ heretofore ordered was providently issued.

## II

The remonstrants contend that applicants for a zoning exception in a town lacking a sewer system must establish compliance with the provisions of G. L. 1956 (1968 Reenactment) §23-27-6 as amended by P. L. 1970, ch. 27, in order that a valid building permit may be issued.[2] It is

---

[2]Section 23-27-6 reads as follows:

"It shall be unlawful for any city or town to grant a permit to any person to construct or equip any building or structure the use of which will result in the production of sewage as defined in chapter 12 of title 46 of the general laws until the applicant for the permit has obtained the written approval of the director of health of the system or means he intends to install to dispose of such sewage. This section shall not apply when such sewage is to be discharged into a municipal sanitary sewer system.

The superior court shall have jurisdiction in equity to enforce the provisions of this section."

apparent from the record that the town of North Kingstown does not possess a municipal sanitary sewer system. The remonstrants argue that the clear mandate of the statute is that it shall be unlawful for any city or town to grant a permit to any person to construct or equip any building which results in the production of sewage until the applicant has obtained the prior written approval of the State Director of Health for the proposed sewage disposal system. The remonstrants further argue that when the building inspector of North Kingstown issued the building permit to applicants, he exceeded his authority in view of the state statute requiring the approval of the State Director of Health as a condition precedent to the issuance of a valid building permit. The remonstrants contend that absence of such required written approval is fatally defective to the applicants' position since the thrust of the applicants' argument before the zoning board that they should be granted an exception to the ordinance because of the substantial expenditure they had made, presupposes the existence of a valid building permit. *Tantimonaco* v. *Zoning Board of Review,* 102 R. I. 594, 232 A.2d 385 (1967); *Shalvey* v. *Zoning Board of Review,* 99 R. I. 692, 210 A.2d 589 (1965).

In his written decision the trial justice, in referring to the building permit, held that there was a valid permit in existence at the time of the hearing before the zoning board. He reasoned that although there was no evidence of either compliance or noncompliance with §23-27-6 which requires written approval by the State Director of Health, there is a legal presumption that when a public official performs his duty all conditions prerequisite have been complied with. The remonstrants contend that the trial justice erred when he found the existence of a valid building permit relying on a presumption that the applicants had complied with all provisions of the law in the absence

of evidence to the contrary. They direct our attention to the rule that in a petition for a zoning exception the burden is on the applicant to prove the existence of the conditions precedent in order to obtain a grant of relief. *DiIorio* v. *Zoning Board of Review, supra; Center Realty Corp.* v. *Zoning Board of Review,* 96 R. I. 76, 189 A.2d 347 (1963); *Laudati* v. *Zoning Board of Review,* 91 R. I. 116, 161 A.2d 198 (1960). The remonstrants have correctly stated the rule that the burden is on the applicants in a zoning petition to prove that conditions precedent have been complied with.

The remonstrants vigorously argue that the trial justice misconceived the law in thus reasoning and contend in rebuttal that the long-standing rule in this state is that a presumption is not evidence and cite as their authority, *Normandin* v. *Parenteau,* 150 A. 460 (R. I. 1930). They direct our attention to *Blaco* v. *State,* 58 Neb. 557, 78 N.W. 1056 (1899) where the presumption was held to be a mere arbitrary rule of law, possessing no inherent probative force, which when met by opposing evidence is entirely destroyed.

In Ohio, it has been declared that the usual presumption of the validity of the acts of public boards and officials does not apply to acts involving the forfeiture of an individual's rights or acts which would deprive him of the free use of his property. *State ex rel. Synod of Ohio, United Lutheran Church* v. *Joseph,* 139 Ohio St. 229, 39 N.E.2d 515. The remonstrants further argue that there is evidence on the record sufficient to rebut the presumption on which the trial justice based his finding. After reading the transcript, we conclude that the testimony of the building inspector of North Kingstown and that of the applicants' witnesses, Norman Bissette and Robert Brown, is sufficient to rebut the presumption relied upon by the trial justice that a valid building permit was in existence. This con-

clusion, together with the application of the rule as set forth in *DiIorio, Center Realty Corp.,* and *Laudati,* all *supra,* persuades us that the trial justice committed error in finding that a valid permit was in existence at the time of the hearing before the zoning board.

We hold, therefore, the issuance of the building permit to be unlawful, invalid and a nullity. On that determination, it becomes unnecessary for us to reach the other contentions of errors claimed by the remonstrants, since the entire thrust of the applicants' position before the zoning board, and also on appeal before the Superior Court, in our opinion, rested and depended upon the existence of a valid building permit, notwithstanding the applicants' contention that they relied on the zoning ordinance as it existed before the amendment without regard to the validity of the building permit. We further hold that the trial justice erred when he found that a valid building permit was in existence at the time of the hearing before the zoning board and thereupon sustained the appeal of the applicants from a decision of the zoning board of North Kingstown.

The petition for certiorari is granted, the order of the Superior Court is quashed and the papers in the case are ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Justice Joslin did not participate.

*Breslin, Sweeney, Reilly & McDonald, Robert H. Breslin, Jr., Stephen J. Fortunato, Jr.,* for plaintiffs-respondents.

*Hanson, Curran, Bowen & Parks, William A. Curran,* for defendants-petitioners.