**326 A.2d 855.**

ISLAND LAND COMPANY *vs.* TOWN COUNCIL OF THE TOWN OF COVENTRY.

OCTOBER 24, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is a petition for certiorari to review a decision of the respondent town council denying the petitioner's application for a license to operate a mobile home park. We granted the petition and ordered the writ to issue forthwith.

· The record contains the following pertinent facts. At the November 1959 session, the General Assembly enacted an enabling act, ch. 191, empowering the Town Council of the Town of Coventry to regulate the use and location of mobile homes. Section 1 of the act provides:

> "The town council of the town of Coventry, is hereby empowered to control the use and location of house trailers and mobile homes, when stationary, within said town, and are being used for dwellings, permanent or temporary, and said town council is also hereby empowered to license and restrict the location and use of trailer parks in said town."

On January 11, 1960, pursuant to the powers granted under such enabling legislation, the Coventry town council adopted an ordinance entitled "An Ordinance Regulating the Use and Location of: Mobile Homes and House Trailers, When Stationary, Within the Town of Coventry, R. I. and Being Used for Dwellings, Permanent and Temporary." Town of Coventry Ordinances, Book 12. A certified copy of the ordinance is in the record. It contains numerous provisions, but we shall refer briefly only to those which we believe are pertinent here.

Section 1(C) states that the town council is the licensing authority. Section 1(H) states that "Health Officer" means the duly appointed health officer of the town or his deputy.

Section 2(A) provides that "No person shall maintain or operate a mobilehome or trailer park without having first obtained a license from the Licensing Authority."

Sections 3(C) and 3(F), respectively, provide that an application for a mobile home or trailer park license shall be accompanied by a "Certificate of approval of the Health Officer as to compliance with the sanitary requirements set forth" and "Approval of the Planning Board of the Town of Coventry, R. I." The sanitary requirements are

set forth in sec. 5, which deals with water supply, sewage lines, sewage disposal, etc.

On September 27, 1972, petitioner submitted to the planning board a proposal for the construction of a 372-unit mobile home park. The planning board sent a letter to the town council recommending that petitioner's application be denied.

The petitioner subsequently submitted its application to respondent council. After a hearing thereon, the council rendered a written decision denying the application. It based its decision on eight separate grounds which it set forth as "Findings of Fact and Law."

The petitioner's first contention is that it has complied with every valid provision of the governing ordinance and therefore is entitled to the license as a matter of law. The record does not support petitioner's claim that it has complied with every valid provision of the ordinance. In fact the contrary is true.

The town council's first finding is:

"(1) That the applicant for said mobile home license did not satisfy the requirement of Section 3-C of the Town of Coventry Ordinance, dated January 11, 1960, regulating the use and location of a mobile home park, in that applicant did not have a certificate of approval from the authorized health officer or Department of Health as to compliance with sanitary provisions. There was no evidence that the State of Rhode Island Department of Health had licensed or would license the proposed facility."

The petitioner concedes that it did not comply with section 3(C), but it argues that the state has preempted the field with respect to sanitary provisions and that therefore the portion of the ordinance requiring a certificate of approval from the health officer is invalid. The petitioner argues that the state preempted this field by virtue of G. L. 1956 (1968 Reenactment) §23-27-6, as enacted by

P. L. 1970, ch. 27, sec. 1, and that any provisions made by the town relative to the field of sanitary provisions are superseded by the requirements of §23-27-6, which reads as follows:

> "Sewage disposal system approval.—It shall be unlawful for any city or town to grant a permit to any person to construct or equip any building or structure the use of which will result in the production of sewage as defined in chapter 12 of title 46 of the general laws until the applicant for the permit has obtained the written approval of the director of health of the system or means he intends to install to dispose of such sewage. This section shall not apply when such sewage is to be discharged into a municipal sanitary sewer system.
>
> "The superior court shall have jurisdiction in equity to enforce the provisions of this section."

On this record we need not decide whether §23-27-6 preempts the local ordinance regulations on sanitary provisions. It is conceded that petitioner did not obtain a certificate of approval in accordance with the requirements of section 3(C). Even if we assume that §23-27-6 is applicable, petitioner will gain nothing since there is no evidence in the record indicating that petitioner had obtained "written approval of the director of health of the system" as required by that statute. In either case such approval was a condition precedent to the town council's authority to grant petitioner's application. *See Sea View Cliffs, Inc.* v. *Zoning Bd. of Review,* 112 R. I. 314, 309 A.2d 20 (1973). In the absence of such approval, whether under the ordinance or under the statute, the town council lacked authority to grant petitioner's application.

Our conclusion with respect to the effect of the absence of written approval by the health officer is dispositive of this action. It is not necessary to discuss the town council's remaining findings, or to consider and to determine the other issues raised by the petitioner.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record certified to this court is remanded to the respondent town council with our decision endorsed thereon.

*Nolan & Dailey, Leo J. Dailey,* for petitioner.

*Frank J. Williams,* Town Solicitor, *Tillinghast, Collins & Graham, David T. Riedel,* for respondent.