DECISION
Before this is an appeal from a February 22, 1995 decision of the Smithfield Zoning Board of Review (Board). Carlos Mendes (plaintiff) asks this Court to reverse the Board's denial of his application for a special use permit for a Cluster Development. Jurisdiction in this Court is pursuant to G.L. 1956 (1988 Reenactment) § 45-24-20.
FACTS/TRAVEL
The plaintiff is the record owner of Lots 61 and 68 on Assessor's Plat 42, located on Lantern Road in the town of Smithfield. (Plaintiff's Brief, Exhibit 3.) Lots 61 and 68 have a total area of 33.5 acres. (Plaintiff's Brief, Exhibit 11.) Of said property, 30.5 acres are located in an R-80 zone, a low residential district, and 3 acres lie in an R-20 zone, a medium residential district.
On February 1, 1995, the plaintiff filed an application with the Board requesting a special use permit for a nine lot Cluster Development. At an advertised hearing on February 22, 1995, the Board unanimously denied the application. (Town of SmithfieldZoning Board of Review Decision, dated February 22, 1995.) At said hearing, the plaintiff testified as to the general characteristics of the property; his purchase of the property; his background; and his intentions for the proposed development. (Tr. at 64 — 79). Craig Carrigan gave expert testimony on behalf of the plaintiff's proposed development as meeting the requirements of the Cluster Development provisions of the zoning ordinance, specifically Sections 6.5.3, 6.5.4, 6.5.5, and 6.5.6. (Tr. at 41 — 55). No further expert testimony was presented.
Six neighbors testified at the hearing. Mr. Thomas Zammarelli, an abutting property owner, testified on behalf of the proposed Cluster Development. He was pleased with the fact that the proposed development allows for an area of permanent open space. (Tr. at 79 — 82). Other neighbors testified in opposition to the application, expressing concern with potential drainage and traffic problems that may result from the proposed development. (Tr. at 83 — 91). The neighbors who testified with respect to possible drainage problems understood the pitch of Lantern Road to be the source of the potential problem. Moreover, those neighbors expressed concern with how a drainage problem might effect the value of their property. At the root of the neighbors' traffic concerns was their past experience with cars disobeying the speed limit on Lantern Road.
The Board introduced into evidence two memoranda from the Smithfield Town Engineer dated February 20, 1995 and December 5, 1994 stating that the drainage at the proposed development site may require "special attention" and that the development would result in an estimated increase in traffic of ninety car trips per day on Lantern Road and the surrounding roadways. (Tr. at 58 — 62).
In support of its decision the Board enumerated the following reasons:
 "3. The Smithfield Zoning Ordinance does not permit construction of a Cluster Development in a Medium Residential District [R-20].
 4. The special use fails to meet all the criteria set forth in the Ordinance Subsection authorizing such special use.
 5. The granting of this special use permit would alter the general character of the surrounding area and impair the intent and purpose of the Zoning Ordinance and Comprehensive Plan of the Town.
 6. The claimed hardship from which the applicants seek relief is not due to the unique characteristics of the subject land or structure.
 7. The requested relief is not the least relief necessary.
 8. The subject land can yield a beneficial use if required to conform to the provisions of the Zoning Ordinance.
 9. Because the Application for special use permit does not comply with the provisions of 6.5.2.a. of the Smithfield Zoning Ordinance, the Zoning Board of Review does not reach and does not decide the issue of whether or not it should except the building lots shown on such plan from the lot area and lot width requirements specified in Table I of the Smithfield Zoning Ordinance."
(Town of Smithfield Zoning Board of Review Decision, dated February 22, 1995.)
The plaintiff has timely appealed these findings arguing that the Board's decision must be reversed because: (1) the Board made a clear error of law in denying the plaintiff's application; and (2) the Board's decision was arbitrary and capricious as it was based on factors totally irrelevant to the requirements of the Smithfield Zoning Ordinance for a Cluster Development.
STANDARD OF REVIEW
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D) which provides:
 45-24-69. Appeals to Superior Court.
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a Justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)(citingApostolou, 120 R.I. at 507, 388 A.2d at 824 — 25).
SPECIAL USE PERMITS
It is well-established that an applicant seeking to obtain a special exception, now known as a special use permit, must satisfy the rules and standards laid out in the town's ordinance permitting such relief. Sea View Cliffs. Inc. v. Zoning Board ofReview, 112 R.I. 314, 309 A.2d 20 (1973). Those rules and standards are "conditions precedent which must be met" before the zoning board is authorized to grant the special use. Guiberson v.Roman Catholic Bishop, 112 R.I. 252, 259, 308 A.2d 503 (1973). Where the conditions and requirements are satisfied, it is an abuse of discretion to deny the requested special use permit.Salve Regina v. Zoning Board of Review, 594 A.2d 878 (R.I. 1991).
Section 6.5.2.a. of the Smithfield Zoning Ordinance states:
 "Any person may submit to the Zoning Board for approval a plan of land containing twenty (20) acres or more in the Residential Conservation District [R-200] or ten (10) acres or more in the Low Density Residential District [R-80] in accordance with the provisions of this subsection."
It is a well-settled rule of law that "when language of a statute is unambiguous and expresses a clear and sensible meaning, there is no room for statutory construction or extension, and [the Court] must give the words of the statute their plain and obvious meaning." In re Advisory Opinion to the Governor, 504 A.2d 456, 459 (R.I. 1986). Furthermore, the rules of statutory construction apply equally to the construction of a zoning ordinance. Mongonyv. Bevilacqua, 432 A.2d 661, 663 (R.I. 1981)(citations omitted).
The language of Section 6.5.2.a. clearly states that a person may initially apply for approval of a Cluster Development plan provided the subject property contains at least ten acres in an R-80 zone. Beyond the minimum acreage requirement of Section 6.5.2.a., the Cluster Development provision does not further restrict the zones to be used for such developments. Of the total 33.5 acres at issue, 30.5 acres are located in an R-80 zone. The Board denied the plaintiff's application finding that three acres of the land lies in an R-20 zone.[1] The Board's denial of said application was essentially predicated upon an interpretation of Section 6.5.2.a. as limiting Cluster Developments to land wholly within R-200 and R-80 zones:
 "MR. READ: . . . Issue number two seems to me is an absolute bar. I'm trying to find it.
 MR. MURRAY: 5.5.0.
 MR. KANE: 6.5.
 MR. READ: 6.5.2.a. To my reading of the ordinance, I differ with Mr. Kane on this, it makes it clear to me that you can only put a cluster development in an R-200 or R-80 zone, and, I mean, I understand his argument, but the way I read this it's clear. Not only that, if you go over to the second page, 6.5.3., it talks about area, it talks about other things. The drafters of the ordinance keep talking about R-80 and R-200. If they intended cluster developments could be in R-20, they would have said so.
 So, I have to read this in the literal way in which it's written. Really it's not equivocal. I don't have a problem reading this. I don't think you can put a cluster in an R-20 zone, period. End of the subject. If the Superior Court says we're wrong, they say we're wrong. That's my interpretation of the ordinance. He can do all he wants in the R-80, put a cluster in R-80, not in R-20. That's my opinion."
(Tr. at 102 — 103). The Board interpreted this section as excluding Cluster Developments when the minimum acreage requirement is satisfied and part of the subject property lies in a zone other than R-200 or R-80. The application before the Board clearly satisfies the minimum acreage requirement of 10 acres in an R-80 zone as 30.5 acres of the subject property lies in that zone. Accordingly, the Board's decision to deny the application because three acres of the property lies in an R-20 zone, constitutes an error of law.
Pursuant to Section 6.2.1. of the Smithfield Zoning Ordinance, an applicant for a Cluster Development must seek a special exception. With respect to granting a special exception, the Board must preliminarily find that the use is not inimical to public health, safety, morals and welfare." Piccerelli v. ZoningBoard of Review of Barrington, 107 R.I. 221, 266 A.2d 249, 254 (1970). Specifically, Section 6.5.6. of the Smithfield Ordinance states that the Board shall approve a Cluster Development if it finds after a hearing that
 "1. The plan promotes the more efficient use of the land in harmony with its natural features, water courses, scenic points, historic spots, and similar community assets and with the general intent of the Zoning Ordinance than conventional single family developments.
 2. The building lots shown thereon comply with the requirements of Section 6.5.3.d. above of this subsection as to minimum and average area and as to frontage.
 3. The provision for open space complies with the requirements of Section 6.5.5.
 4. Each of such lots contains a house site which is in the opinion of the Board in harmony with the general intent of the Zoning Ordinance."
In its decision, the Board found that the special use here failed to meet "all the criteria set forth in the Ordinance Subsection authorizing such special use." (Town of SmithfieldZoning Board of Review Decision, dated February 22, 1995.) Moreover, the Board held that granting the permit sought "would alter the general character of the surrounding area and impair the intent and purpose of the Zoning Ordinance and Comprehensive Plan of the Town." Id.
It is well settled that in zoning cases, a zoning board should "pinpoint the specific evidence upon which [it] base[s] [its] findings." Hopf v. Board of Review of Newport,102 R.I. 275, 230 A.2d 420, 428 (1967). The law requires this minimal showing so that a reviewing court might know whether the decision rendered "bears a substantial relation to the public interest, and whether it is consistent with an exercise of discretion, or instead is arbitrary and unreasonable exercise of the board's power." Coderre v. Zoning Board of Review, 102 R.I. 327,230 A.2d 247, 249 (1967).
Although the Board made several findings of fact, it failed to pinpoint to the specific facts upon which it based each of the conclusions cited above. In contrast, the Board had before it undisputed testimony indicating that the proposed development satisfies the requirements of Sections 6.5.3.d. and 6.5.5. of the ordinance. Essentially, these sections of the ordinance provide that the plan must meet the specified area and frontage requirements and the specifications for permanent open space. The record reveals that Mr. Carrigan gave expert testimony indicating that the proposed development satisfied all the requirements listed under Section 6.5. Additionally, the Board had before it evidence from the Mr. Carrigan that the proposed development does not alter the general character of the surrounding area or impair the purpose of the zoning ordinance because most of the houses which surround Lots 61 and 68 are built on lots of similar size. (Tr. at 53). The Board also expressed concern with regard to their unfamiliarity with the plaintiff and his financial ability to complete the proposed development. (Tr. at 107 — 109).
The evidence in the record against the proposed development is that of the neighbors' testimony. However, it is generally accepted that the testimony of neighbors not shown to be experts is without probative force. Piccerelli, 107 at 221, 266 A.2d at 249. With respect to the Board's finding that there exists a problem with cars speeding on Lantern Road, (Town of SmithfieldZoning Board of Review Decision, dated February 22, 1995.), it is worth noting that a mere increase in traffic at the site is not a valid zoning criterion unless it is shown that it will intensify the congestion or create a hazard. Toohey v. Kilday, 415 A.2d 732
(R.I. 1980). Where traffic congestion would be aggravated by the granting of a special use permit (emphasis added), it may be held to be contrary to public welfare. Id. Yet here, denial of the permit would not prevent the Plaintiff from developing his land according to the Smithfield Zoning Ordinance. The Cluster Development provision of the ordinance states that the "number of such lots shall not exceed the number of lots which could be built upon the tract shown on such plans without approval hereunder." (Smithfield Zoning Ordinance, Section 6.5.3.b.) Any threat to the public welfare that may result from an increase in traffic would not be unique to developing the land at issue as a Cluster and is more appropriately safeguarded against by imposing conditions upon the proposed development, not by an absolute denial of the application.[2]
A review of the record indicates that the Board's findings of fact do not provide a basis for denial of the application under the ordinances' provisions. Moreover, the record is devoid of any legally reliable and probative evidence upon which the Board could reasonably have based a finding that the proposed development is not in accord with the public health, safety, morals and welfare. Thus, this Court finds that in denying the application without making the requisite findings of fact, the Board abused its discretion.
Finally, the Board found that "the claimed hardship . . . is not due to the unique characteristics of the subject land or structure"; "the requested relief is not the least relief necessary"; and "the subject land can yield a beneficial use if required to conform to the provisions of the Zoning Ordinance." (Town of Smithfield Zoning Board of Review Decision, dated February 22, 1995.) Pursuant to G.L. 1956 (1991 Reenactment) §45-24-41(C), the granting of a variance (emphasis added) requires the Board to have before it sufficient evidence to satisfy these standards. The variance provision of the Smithfield Zoning Ordinance is in accord with this provision of the General Laws.[3] However, meeting these standards is not laid out as a requirement for granting a special use permit. The ordinance permits a Cluster Development subject to zoning board approval, "implicitly demonstrating a legislative conclusion that the use (1) is harmonious with the other uses permitted in that district, and (2) is not to be excluded unless the standards for a special exception are not satisfied with respect to its establishment at a particular location or site." Perron v. Zoning Board of Review,Etc., 117 R.I. 571, 573, 369 A.2d 638, 641 (1977).
After a review of the entire record, the Court finds that: the Board's denial of the special exception constituted an abuse of discretion; its findings were clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; the Board's ruling was in violation of the Smithfield Zoning Ordinance provisions; and, the plaintiff's rights have been thereby prejudiced. Accordingly, the February 22, 1995 decision of the Board is reversed, and the Board is ordered to grant the requested relief.
Counsel shall submit the appropriate judgment for entry.
[1] As stated above, in its decision the Board specifically stated that the "Smithfield Zoning Ordinance does not permit construction of a Cluster Development in a Medium Residential District [R-20]." (Town of Smithfield Zoning Board of ReviewDecision, dated February 22, 1995.)
[2] Section 6.5.6.a. of the Smithfield Zoning Ordinance provides that "[t]he Board, where necessary for preserving the public, health, safety, and welfare, may impose further restrictions upon the tract, or parts thereof, as a condition to granting approval hereunder."
[3] Section 10-8(C)(1) provides in pertinent part:
"In granting a variance, the Board shall require that evidence to the satisfaction of the following standards be entered into the records of the proceedings:
(a) that the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surroundings area; and not due to a physical or economic disability of the applicant:
. . .
(d) that the relief to be granted is the least relief necessary.
(e) The Board shall, in addition to the above standards, require that evidence be entered into the record of the proceedings showing that:
(i) in granting a use variance, the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of the Zoning Ordinance . . ."