DECISION
Before the Court is an appeal of a decision of the Zoning Board of Review of the Town of Portsmouth (Board). Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
On June 15, 1999, the Board denied Acquivest Group Inc., Bristol Ferry Wharf Co., LP, and S. John Loscocco and Lucy Loscocco's (collectively the appellants) petition for a special use permit to build two multiunit residential buildings on a 2.2 acre waterfront lot located in a so-called R-20 zoning district. The appellants required the permit because the Portsmouth zoning ordinance (Ordinance) permits multifamily housing by special permit only in the R-20 district. The appellants proposed constructing five three-bedroom dwelling units in the two buildings, as well as an accessory structure to be used as a "gatehouse."
The Board held hearings on the appellants' petition on January 21, February 10, February 18, February 25, March 11, March 18, April 15, May 6, and May 20, 1999. During those hearings, the Board heard the testimony of S. John Loscocco, Blake Henderson, James M. Sloan, IV, Abigail Brown, Claire Fay, and Kevin Aguiar.
Mr. Loscocco, an appellant in this matter, described the nature and details of the proposed construction. Mr. Henderson, who was recognized by the Board as an expert witness in engineering and traffic, gave testimony regarding the proposed development's water usage, water quality, and traffic. Mr. Sloan, who was recognized by the Board as an expert in real estate matters, testified that the development would not have a detrimental effect on the surrounding area, and that the development met the standards required by the zoning ordinance to obtain a special use permit. Mr. Sloan also testified that the proposal would fit in with the encouraged higher density lots in the northern end of town, although the lot in question would be considerably less dense than its abutters. Furthermore, Mr. Sloan testified that the proposed development fit in with Portsmouth's Comprehensive Community Plan.
Mrs. Brown and Mrs. Fay both testified against the development, arguing that the area in which the lot lies should not be further built up. Specifically, Mrs. Fay testified that the coastal area in question is environmentally fragile and the proposed development may be hazardous to the area. Mrs. Brown and Mrs. Fay were both lay witnesses. Mr. Aguiar, another lay witness, suggested to the Board that it retain an engineer or biologist to determine, based on the boundaries of the beach front on the lot, what the actual developable land area was for the project. An engineering firm was hired, and it determined that the land area available for development on the lot was 76,541 square feet.
At the May 20, 1999 hearing, the Board voted 4-1 to deny the appellants' petition. The Decision, which reflected the vote, was dated July 15, 1999. The appellants appealed to this Court on June 29, 1999. On appeal, the appellants argue that the Board denied their petition without sufficient evidence to support the denial, and without citing any facts or conclusions of law.
 Standard of Review
This Court's appellate jurisdiction of zoning board of review decisions is pursuant to G.L. 1956 § 45-24-69(D), which states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing the decision of the Board, this Court must examine the entire certified record to determine whether substantial evidence exists to support its findings. Salve Regina College v. Zoning Bd. of Review,594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)); see also Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990).
Moreover, this Court should exercise restraint in substituting its judgment for the Board and is compelled to uphold the Board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey,495 A.2d 257 (R.I. 1985) (quoting Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)).
 Special Use Permit
The appellants petitioned for a special use permit pursuant to Article VII of the Portsmouth Zoning Ordinance (Ordinance). A special use permit is required in order for multifamily housing to be built in an R-20 zoning district. A zoning board of review has the authority to grant such a permit when the petitioner meets the standards for a special use permit set forth in the municipality's zoning ordinance. See Monforte v. Zoning Board of East Providence, 93 R.I. 447, 176 A.2d 726 (1962).
When the conditions of the ordinance are met, the zoning board must grant the use variance. Perron v. Zoning Board of Review of Burrillville, 117 R.I. 571, 369 A.2d 638 (1977); see also Salve Regina College v. Zoning Board of Review of Newport, 594 A.2d 878 (1991).
Under the provisions of the Ordinance governing special use permits, items to be considered when granting a special use permit are:
 1. The proposed use would not be detrimental to the surrounding area;
 2. The proposed use would be compatible with neighboring land uses;
 3. The proposed use would not created a nuisance or a hazard;
 4. Adequate protection is afforded to surrounding property by use of open space and planting;
 5. Safe vehicular access and parking is provided;
 6. Noise, smoke, odor, lighting and other objectionable features are controlled;
 7. Solar rights of abutters are protected;
 8. The use will be in conformance with the purpose and intent of the comprehensive plan and the zoning ordinance;
 9. The health, safety and welfare of the community is protected.
Ordinance at Art. VII, Sec. A, 4.
The appellants argue essentially that through evidence presented to the Board, and through the testimony of expert witnesses, they established that the proposed development met all of the standards for obtaining a special use permit, but that the Board, without any evidence to support such a decision, denied the petition.
The Board argues that the appellants did not meet their burden of establishing that the proposed development met the criteria set forth above. The Board argues that it denied the petition because the appellants did not establish that the proposal would conform with the comprehensive plan of Portsmouth. The Board also contends that the appellants failed to show that the development would conform to the surrounding neighborhood. The Board found that the development, because of its density, would not conform to the surrounding neighborhood.
As discussed above, the Board was presented with the testimony of Mr. Sloan, an expert in real estate matters. Mr. Sloan's testified that the proposed development would comply with the Portsmouth Comprehensive Community Plan. He also testified that the development would not be detrimental to the surrounding area. He testified that the density of the development would consist of 2.5 dwelling units per acre, which he stated was well within the 4 to 7.9 dwelling units per acre encouraged by the comprehensive plan for the area of Portsmouth in question.
The Board, however, found Mr. Sloan's testimony to be unhelpful. The Board found that the factual underpinnings that Mr. Sloan based his testimony on were incorrect. The Board disagreed with Mr. Sloan's opinion that 4 to 7.9 units per acre were allowed in the area in question. The Board determined that only 2 units per acre are permitted.[1]
Furthermore, the Board found as a matter of fact that property in question contained 76,541 square feet of developable land. According to the Board, Mr. Sloan based his report and testimony concerning the development on the belief that the property contained 95,942 square feet of developable land. This incorrect factual basis, the Board reasoned, rendered Sloan's subsequent conclusions concerning the density of the development equally incorrect.
The Board determined that, based on the fact that the property contained on 76,541 square feet of developable land, the project would be too dense to conform with the surrounding area.
 Analysis
Our Supreme Court has held that a zoning board must have substantial evidence to support its decision to either grant or deny a special use permit. Substantial evidence has been defined by the court as "more than a scintilla but less than a preponderance." Apostolou v. Genovesi,120 R.I. 501, 388 A.2d 821, 825 (1978). Likewise, this Court must uphold the decision of the Board if it was supported by substantial evidence. Id. Furthermore, the burden of demonstrating that the conditions for obtaining a special use permit lies with the party seeking the permit. See Seaview Cliffs, Inc. v. Zoning Board of North Kingstown, 112 R.I. 314,309 A.2d 20 (1973). If the applicant fails to present adequate competent evidence to prove that a zoning ordinance's standard for issuing a special use permit has been met, the zoning board must deny the application. See Dean v. Zoning Board of Review of Warwick, 120 R.I. 825,390 A.2d 382 (1978).
Conversely, if a zoning board of review is presented with competent expert testimony supporting a petition, controverted only by lay testimony, its denial of the petition is deemed to be arbitrary and capricious. See Goldstein v. Zoning Board of Review of Warwick,101 R.I. 728, 227 A.2d 195 (1967). However, not all expert testimony is competent. A zoning board is not obliged to accept the testimony if there is evidence of record that controverts the expert's opinion. See Restivo v. Lynch, 707 A.2d 663 (R.I. 1998).
Here, the Board did not find the testimony of Mr. Sloan to be persuasive. There was evidence of record to support such a finding. The Board had evidence before it that Mr. Sloan was not correctly stating the area of the property in question, thus not properly testifying as to the density of the proposed development. Furthermore, the Board disagreed with Mr. Sloan's opinion concerning the amount of units per acre permitted in the area in question. The Board is deemed to be an expert on such a question. See Smith v. Zoning board of review of City of Warwick, 103 R.I. 328, 237 A.2d 551 (1968). The appellants' ability to satisfy the conditions for a special use permit basically hinged upon Mr. Sloan's testimony. That testimony was used to show that the development would comply with Portsmouth's comprehensive plan and that the development would be compatible with neighboring land uses. However, the Board found that because it was based on incorrect factual assumptions, Mr. Sloan's testimony was not probative.
This Court cannot substitute its opinion for that of the Board on the weight of the evidence or the probative value of Mr. Sloan's testimony. this Court finds that there was sufficient, competent evidence in the record to support the Board's denial of the special use permit based on incompatibility with the surrounding neighborhood and the incompatibility with the Comprehensive Plan.
After review of the entire record, this Court finds that the decision by the Board to deny a special use permit is supported by substantial evidence in the record and was not arbitrary and capricious. The court further finds that substantial rights of the appellants have not been prejudiced.
Counsel shall submit the appropriate order for entry.
[1] In its brief, the Board states that the 4 to 7.9 units per acre density allowance applies to the Island Park and Common Fence Point neighborhoods in the northern section of Portsmouth.